MARY A. LEFTWICH v. THE MAYOR AND SELECTMEN OF THE TOWN OF
PLAQUEMINE.

Where a public square is bounded on one side by private property, the owner cannot require that the
town authorities, when the square is enclosed, should leave a space for a public way between the
enclosure and the line of his property.

APPEAL from the District Court of the Parish of Iberville, *Wilson*, J.
S. *Mathews*, for plaintiff. Z. *Labauve*, for defendant and appellant.

MERRICK, C. J. The controversy in this case is in reference to a public square
in the town of Plaquemine, known as St. John's square. It appears by the map
offered in evidence, that the square is bounded on two sides by public streets, viz,
Main and Church streets, and on one side by the property of plaintiff, and on the
remaining side by property pertaining to the Catholic church. The town autho-
rities having passed an ordinance to inclose the public square, leaving gates only
on two sides, the plaintiff has enjoined the execution of the work, and demands
that the authorities shall leave a space sufficient for a public way on all sides
of the square, or desist from inclosing the same. Her injunction was perpetu-
ated.

The square would doubtless partake more of the nature of a public square, if
a carriage way were to be left open on all sides of it, as then there might be en-
trances from all sides. But on referring to the map, it does not appear to have
been originally laid out in this form ; for streets are laid out only on two sides of
it. The plaintiff's vendors bought with reference to this plan.

Now, as a public square is not designed for a highway or a thoroughfare for
all sorts of conveyances, but is intended as an ornament of a town, and place of
recreation and amusement, the city authorities appear to injure no one when
they enclose the same. In this case the town authorities have ordered carriage
ways on two sides, and entrances on each side of said carriage ways for persons
on foot.

This ordinance may occasion the plaintiff some inconvenience, but it violates
none of her rights.

There is a motion to dismiss the appeal, because it is said we have no jurisdic-
tion of the demand. The corporation has expended $450 for the fence, which
the Sheriff is ordered to remove. The defendant, it would thus seem, was in-
jured to this extent by the decree, besides being deprived of the control of a
public place. The motion cannot prevail.

It is, therefore, ordered, adjudged and decreed by the court, that the judgment
of the lower court be avoided and reversed ; and that there be judgment in favor
of defendant as in case of nonsuit ; the plaintiff paying costs of both courts.