[No. 11171. Department One. October 3, 1913.]

WILLIAM CALDWELL *et al.*, *Appellants*, v. THE CITY OF SEATTLE, *Respondent.*[1]

MUNICIPAL CORPORATIONS — PUBLIC IMPROVEMENTS — REMEDIES OF ABUTTERS — TEMPORARY INJUNCTION — EFFECT ON MERITS. In an action by a property owner to enjoin the construction of a sewer until his damages had been ascertained and paid, in which the plaintiff objected to the trial of the case as an action for damages, an order denying a temporary injunction and requiring the city to bring a condemnation or other suit to ascertain the damages, is not to be construed as an admission of plaintiff's right of recovery, especially where the order was excepted to, as plaintiff could either enjoin the construction or sue for damages, and could waive one remedy and insist on the other.

EASEMENTS — ACCESS — FROM PUBLIC PARKS. The owner of property abutting a park has no vested right of access at any particular point, and therefore cannot complain that a sewer constructed in the park interferes with his right of access.

MUNICIPAL CORPORATIONS — PARKS — USES — DIVERSION. The construction of a sewer in a public park which the city holds by fee simple title, is not necessarily a diversion of the uses of the park; and as to an abutting owner is *damnum absque injuria*.

SAME — POWERS — SEWERS — DISCRETION OF COUNCIL — REVIEW BY COURTS. Courts will not control the discretion of the governing body of a city in placing a sewer in a park, nor in laying the same on top of the ground.

Appeal from a judgment of the superior court for King county, Myers, J., entered September 4, 1912, dismissing an action for an injunction, after a trial to the court. Affirmed.

*Carkeek, McDonald & Kapp*, for appellants.

*James E. Bradford* and *Howard A. Hanson*, for respondent.

CROW, C. J.—Plaintiffs own property abutting a public park in the city of Seattle. Within the line of the park, and proximate thereto, the city has constructed a main trunk

[1]Reported in 135 Pac. 470.

sewer. On account of the configuration of the land, a part of the sewer is above the ground. When the work was under way, plaintiffs sought to enjoin the work. The court refused to grant a temporary restraining order, and entered an order as follows:

"And during the hearing of this cause, William B. Allison, assistant corporation counsel, who had appeared for the purpose of urging the aforesaid continuance, announced the willingness of defendant to have the questions involved in this cause heard and determined either in a condemnation suit or as a question of damages in this cause, by transferring to a Civil Department, and by trial there as a damage suit or in some other cause, and the plaintiffs having objected to the determination of damages therein, if any, and to the transfer of this cause for trial as an action for damages, the court did thereupon· announce its ruling in this cause and it is by the court hereby considered, ordered and· adjudged that the motion of the plaintiffs for a temporary restraining order, be, and the same is hereby denied and the defendant, the City of Seattle, is hereby ordered to bring a condemnation suit or another action to determine the damages to the properties of the plaintiffs herein within fifteen (15) days from August 23, 1911, . . . to all of which rulings and orders the defendant respectively excepted and the respective exceptions are hereby allowed."

The case afterwards came on for trial, when the city insisted that plaintiffs had no right of recovery, while plaintiffs insisted that the city had admitted plaintiffs' right of recovery reserving only a question as to the amount of the damages. The trial judge did not so construe the order, and entered a judgment of dismissal. We think the order was properly construed. If the building of the sewer was a damaging, within the meaning of the constitution, art. 1, § 16, appellants had two remedies; one to enjoin, and the other, to permit the work to go on and claim damages. When the case came on for hearing, the one remedy might be waived and the case set down for hearing on the other. The order is not broad enough to warrant us in holding that the city

admitted a cause of action or waived any of its legal rights; in fact, its exceptions to the order would suggest that it did not.

Appellants insist that they have such an interest in the park property as to claim damages: (1) For the destruction of their means of access, which greatly enhanced the value of their property. (2) That the sewer is about eight feet in diameter and will be an eyesore and a perpetual nuisance on account of the possible escape of noisome gases, and that the building of the sewer will depreciate the value of their property.

The first contention is met when it is known that a citizen or abutting owner has no such vested right or interest in public grounds as will entitle him to enter them at any particular place or in any particular way. *Leftwich v. Plaquemine,* 14 La. Ann. 152; *Scranton v. Minneapolis City,* 58 Minn. 437, 60 N. W. 26.

The second ground of damage is said to be in this, that the grounds being purchased by the city for park purposes and paid for out of a fund known as the Park Fund, they cannot be put to uses that are inconsistent with the implied trust upon which it holds the title to the land.

The particular tract upon which appellants' property abuts was deeded without reservation and the full fee simple title was conveyed. Under such conditions, the city holds clothed with every incident of ownership. Parks are relatively necessary in modern cities, but sewers are absolutely necessary, and courts will not control the discretion of the governing bodies of cities when they have ordained that a sewer shall be placed in a park, nor will the necessity of laying the sewer on the top of the ground be reviewed.

The judgment of the court is sustained by reference to the principles announced in *Seattle Land & Imp. Co. v. Seattle,* 37 Wash. 274, 79 Pac. 780. The building of the sewer upon the city's property is not necessarily a diversion of the uses of the park, and is as to appellants *damnum absque injuria.*

If, in the maintenance of the sewer, it is allowed to become a nuisance, plaintiffs may have a remedy. That question is . not before us.

Affirmed.

CHADWICK, GOSE, PARKER, and MOUNT, JJ., concur.