**Claudette TRAUTVETTER, et al.**

v.

**TOWN OF OLD ORCHARD BEACH, et al.**

Supreme Judicial Court of Maine.

Argued Sept. 19, 1989.

Decided Nov. 13, 1989.

James L. Audiffred (orally), Saco, for plaintiffs.

Catherine O'Connor (orally), F. Paul Frinsko, Bernstein, Shur, Sawyer & Nelson, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

Claudette Trautvetter, Carl Trautvetter, George Ouellette, Thomas Donovan and Odette Dubuc appeal the judgment of the Superior Court (York County, *Cole, J.*) denying their request for injunctive relief and dismissing for lack of standing their complaint against the Town of Old Orchard Beach, the town manager and Pierson Nurseries, the contractor who erected fencing on the beach [hereinafter collectively referred to as "Town"]. We affirm the judgment.

Pursuant to a previously approved "beach management plan," the Town in early April, 1989, began fencing and seeding with dune grass a rectangular parcel of Old Orchard Beach, four-tenths of a mile long by fifty feet wide. The newly fenced area lies directly before the abutting beachfront property owned by the plaintiffs. Their access to the beach, previously unrestricted, is now limited to ten pathways constructed through the fenced area.

The plaintiffs, as "taxpayers and property owners," filed a complaint alleging, *inter alia,* that the town had improperly blocked their access to the beach. They sought an order temporarily restraining the Town from implementing the dune management plan and ordering the Town to remove the fences and walkways. After a hearing on the Town's motion to dismiss the action because the plaintiffs had no standing to seek the requested relief, the court dismissed the action and the plaintiffs appealed.

The record reflects that the plaintiffs relied solely on their status as owners of property abutting the beach to pursue their claim against the Town for injunctive relief.[1] We have previously allowed individuals preventative relief against a claimed illegal action by a local government unit. We have denied remedial relief from such claimed conduct absent a showing of a spe-

---

1. Though the plaintiffs raised several other issues in their complaint, we confine our discus-sion to the issues raised before the trial court.

cial injury to the plaintiffs different in kind from that suffered by the general public. *McCorkle v. Town of Falmouth,* 529 A.2d 337, 338 (Me.1987); *Buck v. Town of Yarmouth,* 402 A.2d 860, 861–62 (Me.1979); *Cohen v. Ketchum,* 344 A.2d 387, 390–92 (Me.1975); M. Horton & P. McGehee, *Maine Civil Remedies* § 5.10–2 (1988).

As abutting landowners, the plaintiffs claim access rights superior to those enjoyed by other property owners in the Town of Old Orchard Beach. Nothing in this record removes plaintiffs' claim from the general rule that a municipality is not required to provide abutting owners access to a public park different from that provided to the general public. *Caldwell v. City of Seattle,* 75 Wash. 565, 135 P. 470 (1913); *Scranton v. City of Minneapolis,* 58 Minn. 437, 60 N.W. 26 (1894); *Leftwich v. Town of Plaquemine,* 20 La. 151, 14 La.Ann. 152 (1859). Accordingly, although the trial court properly denied the plaintiffs' injunctive relief and dismissed their complaint, the denial and dismissal should have been on the ground that the plaintiffs' claim based on their ownership of property abutting the public beach had failed to state a cause of action against the Town for which the relief they sought could be granted. *See* M.R.Civ.P. 12(b)(6); *see also Interstate Industrial Uniform Rental Service, Inc. v. Couri Pontiac, Inc.,* 355 A.2d 913, 917 (Me.1976) (where facts determined, appellate court drew own legal inferences from record and substituted its judgment for that of trial court).

The entry is:

Judgment affirmed.

All concurring.