Richard SWEENEY, et al.

v.

## TOWN OF OLD ORCHARD BEACH.

Supreme Judicial Court of Maine.

Argued March 1, 1994.

Decided July 14, 1994.

Karen B. Lovell (orally), Smith, Elliott, Smith & Garmey, P.A., Saco, for plaintiff.

F. Paul Frinsko (orally), Glenn Israel, Bernstein, Shur, Sawyer & Nelson, Portland, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, and DANA, JJ., and COLLINS, A.R.J.*

ROBERTS, Justice.

Richard and Anna Sweeney appeal from a judgment entered in the Superior Court (York County, *Perkins, A.R.J.*) on the motion of the Town of Old Orchard Beach for a judgment as a matter of law at the close of the evidence in a jury trial. The Sweeneys claim that the Town has taken their property without just compensation in violation of both the federal and state constitutions. Because we agree with the Town's contention that the Sweeneys failed to prove they owned the land in question, we affirm the judgment.

The Sweeneys own a beachfront lot on Atlantic Avenue in Old Orchard Beach on which they have their home and operate a motel. They claim title to an area extending seaward 35 feet from their seawall, described as a bulkhead on a plan of the Sweeneys' property attached hereto as Appendix A. The Town claims that the land seaward of the seawall is part of the beach area acquired as a town park in 1935. As a result of severe beach erosion in the 1970s, the Town began planting dune grass on portions of the beach and enacted an ordinance prohibiting the use of the dune area. Fences were erected and signs posted to prevent access to the sand dunes except through designated pathways. We have previously rejected the claim of some owners abutting the beach that their right of access was superior to that of the general public. *Trautvetter v. Town of Old Orchard Beach,* 566 A.2d 82 (Me.1989). In this action the Sweeneys allege that they own the fenced area and that it has been taken without just compensation in violation of the Maine Constitution and the United States Constitution. U.S. Const. amend. V; Me. Const. art. I, § 21. After the close of evidence at a jury trial, the trial court granted the Town's motion for a judgment as a mat-

---

* Justice COLLINS sat at oral argument and participated in the initial conference while he was a Justice, and, on order of the Chief Justice, was authorized to continue his participation in his capacity of Active Retired Justice.

ter of law. The court ruled as a matter of constitutional law that no taking had occurred, and entered judgment accordingly. This timely appeal followed.

At trial Sweeney testified that they bought the property on Atlantic Avenue and began living there in 1964. For thirteen years the Sweeneys assumed their easterly line was coincident with the seawall. In preparation for building a motel in 1977 they had the property surveyed. Sweeney testified that the person who made the survey told him he owned 35 feet beyond the seawall and that he, Sweeney, so advised the town's assessor. Sweeney identified an assessor's map showing that he owned the additional 35 feet. *See* Block 5, Lot 5, Appendix B (for illustration only). He also stated that since 1978 he has been taxed for an additional 3500 square feet of land. Sweeney identified the 1977 plan of his property (Appendix A), and acknowledged that it referred to a 1973 Old Orchard Beach Beachfront Survey by the same surveyors. The 1973 survey was done for the Town in order to locate the boundary between privately owned property and the town park, which is also the northwesterly side of Surf Street. No surveyor testified as to the method of locating the "Beach Front Line" shown on the Sweeneys' plan (Appendix A) or the relationship of that line to Surf Street.

The Town presented the testimony of Jerome G. Plante, a former town manager, who identified the description of Surf Street as accepted by the Town in 1908. He also identified the description of the beach as it was acquired in 1935, a part of the 1973 survey as it related to the Sweeneys' property, and a plan for a sewer construction project in the vicinity of the Sweeneys' property in 1985. The Town's purpose in offering this evidence was to establish the location of Surf Street. Unfortunately, the Town was no more successful than Sweeney. In rebuttal, Sweeney offered a copy of a 1908 deed from the Sweeneys' predecessor in title, Lillian King, and evidence that King's land abutted the northwesterly side line of Surf Street when it was accepted.

The critical language in the Sweeneys' deed description is as follows: "Beginning on the said Northeasterly side of Atlantic Avenue at the Southerly corner of other land formerly of [another]; thence running Southeasterly by said Avenue ninety-five (95) feet to the Northwesterly sideline of Surf Street so-called, or the seawall." There is no dispute that at the time of that conveyance, and at present, there is a seawall 95.3 feet southeasterly of the Sweeneys' north line. *See* Appendix A. The deed reference to the northwesterly side line of Surf Street, however, is a monument that would control over distance if it could be located on the face of the earth. *Milligan v. Milligan*, 624 A.2d 474, 478 (Me.1993). Unfortunately for the Sweeneys, Surf Street was never constructed, and the record is insufficient to support a jury finding as to its location.

The Sweeneys concede that the evidence of Surf Street's location is vague. They insist, however, that because the location on the face of the earth is a factual question, it was for the jury to decide. They rely on two undisputed facts. The first is the 1908 deed of the subject property from Lillian King that included a quitclaim of "whatever right or title [the grantor] may have in or unto any land that may lie between the [seawall] ... and Surf Street, so-called." Because Surf Street was accepted by the Town in 1908, the Sweeneys argue that its location would have been known to that grantor. The second is that, following the Sweeneys' 1977 notification to the tax assessor that they owned 35 feet of land beyond the seawall, the Town's tax maps were changed and the Town began collecting taxes on the 35-foot strip. *See* Appendix B (for illustration only). Neither of these circumstances suffice to meet the Sweeneys' burden of proof.

That a grantor in 1908 cautiously conveyed what she may not have owned is not evidence of title and obviously offers no help in locating Surf Street. That the Town has taxed the disputed strip since 1978 is equally unavailing. *See* 10 Eugene McQuillin, *Municipal Corporations* § 28.56, at 229 (3d ed. 1990) (general rule is that "the mere levy and collection of taxes on property by the municipality does not estop it from asserting title to such property"); *cf. F.S. Plummer Co. v. Town of Cape Elizabeth*, 612 A.2d 856, 860–61 (Me.1992) (town was not estopped from

denying request for zoning change that would have made lots buildable simply because lots had previously been taxed as if they were buildable). In sum, the Sweeneys' failure to establish the location of the controlling monument, i.e., Surf Street, left the court with only the 95–foot distance and the seawall to determine the southeast corner of their land. Their failure to prove title to the land beyond the seawall is fatal to their claim for compensation. Accordingly, we need not address the constitutional issue.

The entry is:

Judgment affirmed.

All concurring.

APPENDIX A

Plan Showing Land Surveyed for Richard Sweeney, Old Orchard Beach, Maine. Dow & Coulombe Inc., Engineers & Surveyors, Saco, Maine.

## APPENDIX B

