### OPINION OF THE JUSTICES of the Supreme Judicial Court Given Under the Provisions of Section 3 of Article VI of the Constitution.

Questions Propounded by the House in an Order Dated June 6, 1973.

Supreme Judicial Court of Maine.

June 13, 1973.

---

## HOUSE ORDER PROPOUNDING QUESTIONS

### STATE OF MAINE

### HOUSE OF REPRESENTATIVES

### 106th LEGISLATURE

### HOUSE ORDER

Whereas, it appears to the House of Representatives of the 106th Legislature that the following are important questions of law, and that the occasion is a solemn one; and

Whereas, there is pending before the 106th Legislature Legislative Document No. 1775, entitled "AN ACT Relating to Bylines for Editorials in Maine Newspapers," which proposes that it would be a crime for any daily or weekly newspaper in the State to publish an editorial without disclosing the name of the person who wrote the editorial; and

Whereas, the constitutionality of the Legislative Document No. 1775 has been questioned; and

Whereas, it is important that the Legislature be informed as to the constitutionality of Legislative Document No. 1775; now, therefore, be it

Ordered, that the Justices of the Supreme Judicial Court are hereby respectfully requested to give to the House of Representatives, according to the provisions of the Constitution, on its behalf, their opinion on the following questions, to wit:

1. Does Legislative Document No. 1775 constitute an abridgment of freedom of speech or freedom of press in violation of the First Amendment to the United States Constitution?

2. Does Legislative Document No. 1775 constitute a regulation or restraint on freedom of the press in violation of Article I, Section 4 of the Maine Constitution?

3. Does Legislative Document No. 1775, to the extent that it applies to editorials appearing in certain kinds of newspapers only, and does not include within its prohibition editorials appearing in magazines, leaflets, brochures or broadcasts over radio or television, constitute a violation of either the Due Process Clause or Equal Protection Clause of the Fourteenth Amendment to the United States Constitution?

4. Does Legislative Document No. 1775, to the extent that it applies to editorials appearing in certain kinds of newspapers only, and does not include within its prohibition editorials appearing in magazines, leaflets, brochures or broadcasts over radio or television, constitute a violation of either the Due Process Clause or Equal Protection Clause of Article I, Section 6–A of the Maine Constitution?

5. Does Legislative Document No. 1775, to the extent that it fails to provide the nature of the penalty to be imposed for violating its provisions, constitute a violation of either the Due Process Clause or Equal Protection Clause of the Fourteenth Amendment to the United States Constitution?

6. Does Legislative Document No. 1775, to the extent that it fails to provide the nature of the penalty to be imposed for violating its provisions, constitute a violation of either the Due Process Clause or Equal Protection Clause of Article I, Section 6–A of the Maine Constitution?

Name: Robert Carrier
Town: Westbrook
Reproduced and distributed under the direction of the Clerk of the House.
6/6/73

---

## ONE HUNDRED AND SIXTH LEGISLATURE

**Legislative Document**                                    **No. 1775**

H. P. 1339                    House of Representatives, April 3, 1973

Referred to Committee on Judiciary. Sent up for concurrence and ordered printed.

E. LOUISE LINCOLN, Clerk

Presented by Mr. Carrier of Westbrook.

---

## STATE OF MAINE

## IN THE YEAR OF OUR LORD NINETEEN HUNDRED SEVENTY-THREE

AN ACT Relating to Bylines for Editorials in Maine Newspapers.

Be it enacted by the People of the State of Maine, as follows:

**R. S., T. 17, c. 50, additional.** Title 17 of the Revised Statutes is amended by adding a new chapter 50 to read as follows:

### CHAPTER 50

### NEWSPAPER EDITORIALS

§ 1361. Newspaper editorials

Editorials in all daily newspapers and in all weekly newspapers in this State distributed to the general public and which are published regularly at least 52 times a year shall indicate by a byline the person or persons who have written such editorials.

### STATEMENT OF FACT

The purpose of this bill is that the writer of any public editorial be required to disclose his identity to the general public.

## ANSWERS OF THE JUSTICES

To the Honorable House of Representatives of the State of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on June 6, 1973.

■ Question No. 1: Does Legislative Document No. 1775 constitute an abridgment of freedom of speech or freedom of press in violation of the First Amendment to the United States Constitution?

Answer: The question is answered in the affirmative.

L.D. No. 1775 on its face is violative of the First Amendment to the Constitution of the United States made applicable to the states by the Fourteenth Amendment. Gitlow v. People of State of New York, 268 U.S. 652, 666, 45 S.Ct. 625, 69 L.Ed. 1138 (1924); Schneider v. State of New Jersey, 308 U.S. 147, 154, 60 S.Ct. 146, 84 L.Ed. 155 (1939); Talley v. State of California, 362 U.S. 60, 80 S.Ct. 536, 4 L.Ed.2d 559 (1960).

■ The principles enunciated in *Talley*, supra, emphasizing that the important relationship between anonymity and the free exercise of speech and press demands the existence of a compelling governmental interest to justify legislative restrictions upon it, are fully applicable. No compelling State interest is shown which would support the mandate of L.D. No. 1775 that editorial authorship must be disclosed.

Question No. 2: Does Legislative Document No. 1775 constitute a regulation or restraint on freedom of the press in violation of Article I, Section 4 of the Maine Constitution?

Answer: The question is answered in the affirmative.

The Maine Constitution is no less restrictive than the Constitution of the United States in this respect.

In view of the foregoing answers it is unnecessary that answers be given to Questions 3, 4, 5 and 6.

Dated at Portland, Maine, this thirteenth day of June, 1973.

Respectfully submitted:

ARMAND A. DUFRESNE, Jr.

DONALD W. WEBBER

RANDOLPH A. WEATHERBEE

CHARLES A. POMEROY

SIDNEY W. WERNICK

JAMES P. ARCHIBALD