Martin F. BRUNO and Martin
F. Bruno, II

v.

CITY OF LEWISTON and
Dennis Paquin.

Supreme Judicial Court of Maine.

Argued Jan. 31, 1990.
Decided March 6, 1990.

Howard T. Reben, Thomas Benjamin (orally), Sunenblick, Reben, Benjamin & March, Portland, for plaintiffs.

Mark Lavoie, Margaret Cushing (orally), Norman, Hanson & Detroy, Portland, for defendants.

Before WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

GLASSMAN, Justice.

Martin F. Bruno, individually and as the next friend of his minor son Martin F. Bruno, II (Bruno), appeals from the orders of the Superior Court (Androscoggin County, *Delahanty, J.*) granting the motion of the defendants, the City of Lewiston and Dennis Paquin, for a summary judgment and denying Bruno's motion for relief from the judgment pursuant to M.R.Civ.P. 60(b). We reject Bruno's contentions that within the 180–day period prescribed by the Maine Tort Claims Act, 14 M.R.S.A. § 8107 (1980 & Supp.1989),[1] he had substantially complied with the notice requirements or that "good cause" prevented him from filing a timely notice of his claim. Nor do we find any merit in Bruno's contention that the trial court erred in denying his motion for relief from the summary judgment for the defendants. Accordingly, we affirm the judgment.

On July 3, 1986, Bruno and his son were injured when their car was struck by a police cruiser driven by Paquin, a Lewiston police officer. Shortly after the accident, the adjuster for Bruno's insurance company referred him to Commercial Union In-

---

1. 14 M.R.S.A. § 8107 (1980 & Supp.1989) provides in pertinent part:

 **1. Notice requirements for filing.** Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110 [two-year statute of limitations on actions], when a claimant shows good cause why notice could not have reasonably been filed within the 180–day limit, a claimant or a claimant's per-sonal representative or attorney shall file a written notice....

 ....

 **4. Substantial notice compliance required.** No claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with.

surance Co. (C.U.), the insurance carrier for the City. During the initial 180 days after the accident and continuing through 1987, Bruno had a number of discussions with the adjuster for C.U. resulting in Bruno being reimbursed by C.U. for property damage and medical bills incurred by him during that period as a result of the accident. Bruno made no contact with the City until he served a notice of claim on the City on June 6, 1988 and filed a complaint against the defendants on June 20, 1988. After a hearing, the Superior Court granted the defendants' motion for a summary judgment dismissing Bruno's complaint. Bruno's motion for relief from judgment on the ground of newly discovered evidence was denied by the court after a hearing.

 Bruno contends, as he did before the trial court, that his communications with and the actions of the adjuster for C.U. established substantial compliance with the notice provisions as required by section 8107(4) or, in the alternative, established that Bruno's failure to file a timely notice of claim could be excused for good cause under section 8107(1). We disagree. Section 8107 clearly states that assessment of a timely notice and of good cause are limited to the 180-day period following the accident. In *Hall v. Town of Kittery*, 556 A.2d 662 (Me.1989), we held that knowledge by a city's insurer or the insurer's adjuster of facts surrounding an accident that may give rise to a claim by a plaintiff does not supplant the affirmative notice requirements of section 8107.[2] "The substantial compliance exception is properly invoked only when the notice, *although timely filed or excused from timely filing because of good cause,* is defective in some other respect such as the failure to satisfy the form requirements of § 8107(1)(A–E)." *Erickson v. State*, 444 A.2d 345, 350 (Me. 1982) (emphasis added). Here, the trial court properly held that there is nothing in this record to suggest that notice of any kind was ever provided to the appropriate City official until June 6, 1988. Nor does the record reflect that there was good

cause why Bruno could not have reasonably filed a notice of claim with the City within the 180-day limit. We have repeatedly stated that good cause pertains only to the *inability* to file the required claim. *Martin v. City of Biddeford*, 568 A.2d 1103 (Me.1990); *Gardner v. City of Biddeford*, 565 A.2d 329 (Me.1989); *Langevin v. City of Biddeford*, 481 A.2d 495, 498 (Me.1984). Bruno's reliance on the continued payment of his medical expenses by the City's insurer does not raise any issue of fact as to Bruno's inability to file a timely notice. Accordingly, the trial court properly granted the defendant's motion for summary judgment. *See Saltonstall v. Cumming*, 538 A.2d 289, 290 (Me.1988) ("If no genuine issue of material fact remains, the trial court must render judgment if any party is entitled to such judgment as a matter of law.").

 In his motion for relief from judgment under M.R.Civ.P. 60(b), Bruno relied on alleged newly discovered evidence that the City's insurer had continued to reimburse Bruno for his medical expenses through January 8, 1988, and it was on that date that the adjuster for C.U. had advised Bruno to seek legal counsel. The trial court properly held that these facts were "clearly known to the plaintiff at the time of the original motion hearing and could have been presented" and denied Bruno's motion. *See* 2 Field, McKusick & Wroth, *Maine Civil Practice* § 60.7, at 75 (2d ed. 1970) (duty of the litigant parties to be diligent in searching for and producing to the court in the first instance all data they desire the court to consider in reaching judgment).

The entry is:

Judgment affirmed.

All concurring.

---

2. Section 8107(3)(B) requires:

 Notice of claims against any political subdivision or an employee thereof shall be addressed to and filed with one of the persons upon whom a summons and complaint could be served under the Maine Rules of Civil Procedure, Rule 4, in a civil action against a political subdivision.