Clermont BEGIN, et al.

v.

CITY OF AUBURN, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs May 8, 1990.

Decided May 18, 1990.

John E. McKay, Bangor, for plaintiffs.

Edward R. Benjamin, Jr., Preti, Flaherty, Beliveau & Pachios, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN and CLIFFORD, JJ.

McKUSICK, Chief Justice.

This action, brought under the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1989), arises out of the collision on March 2, 1987, of plaintiff Clermont Begin's car with a snowplow owned by the City of Auburn and operated by its employee, defendant Albert Gagnon. Begin and his wife did not file their notice of claim with the City of Auburn until June 11, 1988, long after the expiration of the 180–day limit for filing the notice required by the Act, 14 M.R.S.A. § 8107(1) & (4).[1] The

---

1. 14 M.R.S.A. §§ 8107(1) & (4) (1980 & Supp. 1989) provide in pertinent part:

**1. Notice requirements for filing.** Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180–day limit, a claimant or a claimant's personal representative or attorney shall file a written notice containing:

**A.** The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;

**B.** A concise statement of the basis of the claim, including the date, time, place, and circumstances of the act, omission or occurrence complained of;

Superior Court (Franklin County, *Bradford, J.*), found that the Begins had failed to "show good cause why notice could not have reasonably been filed within the 180–day limit," and therefore were not entitled to the benefit of the statutory exception to the 180–day limit. *See* 14 M.R.S.A. § 8107(1). The court accordingly granted defendants' motion for summary judgment of dismissal, and the Begins appeal.

■■■ A party commencing a tort action against a governmental entity or its employee must comply with the notice requirements of section 8107. Good cause excusing a plaintiff's failure to file a notice of claim within 180 days must be based upon inability to file a claim in that time. *See Martin v. City of Biddeford,* 568 A.2d 1103, 1105 (Me.1990). In reviewing the entry of summary judgment dismissing the Begins' action, we must determine whether any genuine issue of material fact exists as to the absence of any good faith excuse for their late filing of the statutorily required notice. *See* M.R.Civ.P. 56(c). We agree with the Superior Court that there is none and that as a matter of law the Begins' suit is time-barred.

The Begins' argument that they were unable to file a notice of claim because Mr. Begin had no memory of the circumstances surrounding the accident is unpersuasive. Despite any impairment of his memory, the Begins engaged an attorney within three weeks of the accident, and that attorney in turn engaged an accident reconstruction expert shortly thereafter. Moreover, Begin at all times believed that the accident was the fault of the driver of the City's snowplow. The Begins also argue that they could not file notice within the 180–day limit because of the requirements of M.R.Civ.P. 11 and M.Bar R. 3.7. They fail to note, however, that a notice of claim is not a pleading or motion to which Rule 11

applies. Additionally, even if the professional constraints of M.Bar R. 3.7 barred the Begins' attorney from filing a notice of claim, an interpretation we do not adopt, nothing prevented the Begins themselves from filing a timely notice with the City of Auburn. Thus, viewing the record in the light most favorable to the Begins, as we must, *see Philbrook v. Gates Formed–Fibre Products, Inc.,* 536 A.2d 1118, 1119 (Me.1988), we still cannot find any evidence that would support a finding of good cause why the Begins could not have reasonably filed their notice of claim within 180 days after the March 2, 1987, accident.

The entry is:

Judgment affirmed.

All concurring.

**C.** The name and address of any governmental employee involved, if known;
**D.** A concise statement of the nature and extent of the injury claimed to have been suffered; and
**E.** A statement of the amount of monetary damages claimed....
**4. Substantial notice compliance required.** No claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with. A claim filed under this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or otherwise, unless it is shown, that the governmental entity was in fact prejudiced thereby....