**Tanya R. SMITH, et al.**

v.

**SCHOOL ADMINISTRATIVE
DISTRICT NO. 58.**

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 6, 1990.
Decided Oct. 29, 1990.

Justin Leary, Robert A. Laskoff, P.A., Lewiston, for plaintiffs.

John S. Whitman, Richardson & Troubh, Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

The plaintiffs, Tanya R. Smith and Joseph and Donna Smith, individually and as the parents of Tanya, appeal from a summary judgment for the defendant, School Administrative District No. 58 (the School), granted by the Superior Court (Franklin County, *Perkins, J.*) on the ground that the Smiths had not complied with the notice requirements of section 8107 of the Maine Tort Claims Act, 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1989) (the Act).[1] The Smiths

---

1. Section 8107 provides in pertinent part:
     **1. Notice requirements for filing.** Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant or a claimant's personal representative or attorney shall file a written notice containing:
     **A.** The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;
     **B.** A concise statement of the basis of the claim, including the date, time, place and cir-

cumstances of the act, omission or occurrence complained of;
     **C.** The name and address of any governmental employee involved, if known;
     **D.** A concise statement of the nature and extent of the injury claimed to have been suffered; and
     **E.** A statement of the amount of monetary damages claimed.
     . . . .
     **4. Substantial notice compliance required.** No claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially com-

also contend that their proposed amended complaint sufficiently set forth their claim of a promissory estoppel as a bar to the School's defense of the Smith's noncompliance with section 8107 and that the court erred in denying their motion to amend their original complaint. We affirm the judgment.

On April 16, 1987, Tanya while on the school playground, which was under the supervision of Cindy Cole, was hit in the eye by a rock thrown by another student. This information was placed on an accident claim form of the School's medical insurer in the portion of the form designated "PART A: SCHOOL OR PARENT," signed by the Superintendent on May 19, 1987, and forwarded to Joseph and Donna Smith for completion and return of that portion of the form designated "PART B: PARENT STATEMENT." This portion of the form was signed by Donna on July 29, 1987. It set forth Joseph's full name, as the father of Tanya, gave the home address, his occupation, Donna's occupation, home and business telephone numbers, and the name and policy number of the Smiths' own insurance company. Before returning the form, Donna had a telephone conversation with Ann Stinchfield, the School's bookkeeper. Although the substance of that conversation is disputed, Donna apparently understood that the School's insurance would cover all Tanya's medical expenses. In fact, the School's medical insurer paid Tanya's medical bills for only one year. On March 24, 1989, after these payments ceased, a notice of claim signed by the attorney for the Smiths, reciting that the notice was given pursuant to section 8107 of the Act and setting forth the information required by that section, was sent to and received by the Superintendent of the School. In its answer to the complaint against the School filed by the Smiths on April 5, 1989, the School claimed as an affirmative defense that the complaint was barred by the Smiths' failure to comply with the notice requirements of section

8107 and filed a motion for summary judgment on that ground. The Smiths filed a motion to amend their complaint to include a count alleging promissory estoppel as a bar to any claim by the School that the Smiths had not complied with the notice requirements of section 8107. The motions were consolidated for hearing, after which the court denied the Smiths' motion to amend their complaint and granted the School's motion for summary judgment, and the Smiths appeal.

■ The Smiths contend that because the accident claim form returned to Stinchfield on July 29, 1987, substantially complied with the notice requirements of section 8107(1)(A)–(E) of the Act, it was error for the trial court to grant summary judgment to the School. We disagree. We will affirm a summary judgment when there is no genuine issue of material fact and the movant is entitled to a judgment as a matter of law. M.R.Civ.P. 56(c); *Saltonstall v. Cumming*, 538 A.2d 289, 290 (Me.1988). Here the facts are not in dispute as they relate to the contents of the accident claim form or to its return by the Smiths to the School's bookkeeper within 180 days after the claimed injury to Tanya occurred. We have previously stated that we will not examine a notice of claim to determine if it is in substantial compliance with section 8107 until we have first determined that a timely notice has been filed or such filing has been excused because of good cause. *Bruno v. City of Lewiston*, 570 A.2d 1221, 1222 (Me.1990); *Erickson v. State*, 444 A.2d 345, 350 (Me.1982). Accordingly, we must determine whether the accident claim form was filed with the School in a timely fashion. Section 8107(3)(B) requires that a notice of claim against any political subdivision "be addressed to and filed with one of the persons upon whom a summons and complaint could be served under the Maine Rules of Civil Procedure, Rule 4, in a civil action against a political subdivision." Section 8102(3) defines a political subdivision

---

plied with. A claim filed under this section shall not be held invalid or insufficient by reason of an inaccuracy in stating the time, place, nature or cause of the claim, or other-

wise, unless it is shown that the governmental entity was in fact prejudiced thereby.

.    .    .    .    .

as including a "school district of any type." Further, 20–A M.R.S.A. § 1201 (1964 & Supp.1989) provides that when a school administrative district is formed, it "shall be a body politic and corporate." An administrative school district is administered by a board of directors with the superintendent serving as the secretary and treasurer of the board. *See* 20–A M.R.S.A. § 1251. M.R.Civ.P. 4(d)(7) provides that the service of a summons and complaint on a public corporation shall be made on an officer, director, or manager of the corporation. M.R.Civ.P. 4(d)(1) provides that service on an individual shall be made by serving the individual personally, leaving a copy at the individual's house or usual place of abode with some person of suitable age and discretion residing there, or by delivering a copy to an agent authorized by appointment or by law to receive service of process. It is clear from this record that Ann Stinchfield was not any of the designees for service provided in Rule 4(d)(7), nor was there any evidence in this record that she was an agent of any designees "authorized by appointment or by law" to receive such service of process as provided in Rule 4(d)(1). The trial court properly determined that the record before it disclosed no genuine issue of material fact and the School was entitled to summary judgment as a matter of law on the ground that the Smiths had not filed a timely notice of claim with the School. Accordingly, we need not address the claim of the Smiths that the contents of the accident claim form returned to Ann Stinchfield on July 29, 1987, substantially complied with section 8107(1)(A)–(E).

The Smiths also contend that their proposed amended complaint contained sufficient allegations to support a claim that the School was equitably estopped from asserting its defense of inadequate statutory notice and it was error for the court to deny the Smiths' motion to amend their original complaint accordingly. By their proposed amended complaint, the Smiths alleged that they would have obtained legal assistance and filed a timely notice of claim but for their reliance on the alleged statement by the School's bookkeeper that the School's

insurer would pay for all medical bills incurred by the Smiths as a result of the injury to Tanya and the statement on the accident claim form reciting that "[i]f the bills are over $100 and you do have other insurance, the benefits will be paid for those eligible expenses unpaid by other insurance." The trial court denied the Smith's motion to amend the complaint on the ground that "the allegations of the amended complaint were not sufficient to support a claim for promissory estoppel barring the defense of timely notice."

■     Generally, in the absence of undue delay, bad faith, dilatory tactics, or unfair prejudice, courts should freely allow an amendment to a complaint. *See* 1 Field, McKusick & Wroth, *Maine Civil Practice* § 15.3, at 302–03 (2d ed. 1981). We review the denial of a motion to amend to determine if the movant has demonstrated " 'a clear and manifest' abuse of discretion and that the amendment was necessary to prevent injustice." *Id.* § 15.4, at 127. Here we hold there was no manifest abuse of the court's discretion because the claim of equitable estoppel as a bar to the defense of filing an untimely notice of claim is precluded under the provisions of section 8107 of the Act.

■     We have previously stated that the Act constitutes a limited relaxation of the common law doctrine of sovereign immunity, *see Faucher v. City of Auburn*, 465 A.2d 1120, 1124 (Me.1983), and as a part of that statutory scheme, noncompliance with the requirement that notice be filed within 180 days after the cause of action accrues will be excused *only* on a showing of good cause why notice could not reasonably have been filed within that time limit. *See* 14 M.R.S.A. §§ 8103(1), 8107(1) (exception to governmental immunity only as expressly provided by the Act, and when immunity so removed, any claim for damages "shall be brought in accordance with the terms of [the Act]"). We have consistently interpreted the "good cause" exception to pertain only to *physical inability* to file the claim within the statutorily prescribed time limit. *See, e.g., Gardner v. City of Biddeford*, 565 A.2d 329, 330 (Me.1989); *Erick-*

**250**

*son v. State*, 444 A.2d 345, 350 (Me.1982). We reaffirm that interpretation. In the instant case the proposed amended complaint did not even suggest that the Smiths suffered from such inability to file their claim. Although equitable estoppel appropriately may be applied against a governmental entity in a limited number of cases, *cf. City of Auburn v. Desgrosseiliers*, 578 A.2d 712, 714 (Me.1990) (city equitably estopped by its own acts and declarations from bringing a land-use enforcement action against defendants who reasonably relied on those acts and declarations to their detriment), the precise language of section 8107(1) precludes its application here. Accordingly, although we hold that the trial court properly found that the Smiths' proposed amended complaint would not bar the School's defense of failure to file a timely notice of their claim and denied their motion to amend, we do so on the ground that there is no suggestion in the amended complaint that the Smiths had good cause for such failure within the purview of section 8107(1). *See Trautvetter v. Town of Old Orchard Beach*, 566 A.2d 82, 83 (Me. 1989) (trial court's dismissal of complaint will be sustained on appeal if any legal ground, even one not considered by the trial court, justifies such dismissal).

The entry is:

Judgment affirmed.

All concurring.