STATE OF MAINE
CUMBERLAND, ss.

STATE OF MAINE
CUMBERLAND, SS
CLERK'S OFFICE

2005 FEB -1 P 3: 31

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-595
RAC-CUM-2/1 2005

Mark Wildes, Jr.,
          Plaintiff

v.

**ORDER**

City of Portland,
          Defendant

FEB 7 2005

This case comes before this Court on Defendant City of Portland's Motion to Dismiss.

## FACTS

Mark Wildes, Jr. (Plaintiff), age 19, was driving on Brighton Avenue in Portland on January 12, 2003 when he slowed down at a railroad crossing. His vehicle was struck from behind by a Portland police van and Plaintiff was transported to Mercy Hospital. Plaintiff's father, Mark Wildes, Sr., contacted the City of Portland (the City) on his son's behalf, explaining that, following his release from the hospital, Plaintiff would need to treated at the Portland Back and Neck Pain Center (PBNPC). Liability Program Manager, Cheryl Main allegedly told Mr. Wildes, Sr. that the City assumed responsibility for Plaintiff's medical expenses and to have PBNPC contact the City directly. At Plaintiff's initial visit, PBNPC called the City to confirm the City would be covering Plaintiff's care. PBNPC was told the City would pay the final bill when Plaintiff's treatment was completed. On January 21, 2003, Mr. Wildes, Sr. met with the City and was given a check for $2388.75 to cover Plaintiff's property damage

only. Mr. Wildes, Sr. signed a release for property damage only on his son's behalf.

Plaintiff's treatments at PBNPC were completed March 4, 2003, fifty-one days after the accident, and Plaintiff promptly forwarded PBNPC's final bill to the City. When he received no response, Plaintiff called, but his calls were not returned. Several months later, the City contacted the Plaintiff to tell him it was too late for him to receive payment for his treatment because he had failed to file a Notice of Claim pursuant to 14 M.R.S.A. § 8107 of the Maine Tort Claims Act within 180 days of the accident.[1]

Plaintiff was able to secure representation in February 2004, and promptly filed a Notice of Claim. The City responded, saying Plaintiff had released all claims for property damage and the City had no knowledge of any injuries to Plaintiff. On August 27, 2004 Plaintiff brought his negligence suit against the City, seeking damages for injuries caused by the accident. The City filed a Motion to Dismiss for failure to state a claim for which relief can be granted, citing Plaintiff's failure to file a Notice of Claim, and referring in its motion to the affidavit of City Liability Program Manager, Cheryl Main.

## DISCUSSION

Both sides have now presented affidavits to the Court. In a motion to dismiss pursuant to Rule 12(b)(6), "when matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment." M.R. Civ. P. 12(b). On a motion for summary

---

[1] "Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant or a claimant's personal representative or attorney shall file a written notice . . . " 14 M.R.S.A. § 8107 (2004).

judgment, the court views the evidence in the light most favorable to the party against whom judgment is sought, to decide "whether the parties' statements of material facts and the referenced record material reveal a genuine issue of material fact." *Rogers v. Jackson*, 2002 ME 140, ¶ 5, 804 A.2d 379, 380 (citations omitted). When the moving party is the defendant, the burden rests on that party to show that the evidence fails to establish a prima facie case for each element of the cause of action. *Stewart v. Aldrich*, 2002 ME 16, ¶ 8, 788 A.2d 603, 606.

Here the City argues it is entitled to judgment as a matter of law because the Plaintiff does not meet the statutory requirements for finding a "good cause" exception to the 180-day limit for filing a Notice of Claim.[2] Plaintiff argues the facts here fall squarely within the definition of a "good cause" exception and that Plaintiff is therefore allowed two years to file his Notice of Claim.[3] It is undisputed that Plaintiff's accident took place in January 2003 and his Notice of Claim was filed in February 2004, outside the 180-day limitation.

By law, Plaintiff may file a Notice of Claim within two years of the accident if he can show "good cause" for not filing within the 180-day limit. 14 M.R.S.A. § 8107. The Law Court has interpreted "good cause" to mean the plaintiff was unable to file a notice of claim or was "in some meaningful way prevented from learning of the information forming the basis of his complaint." *Smith v. Voisine*, 650 A.2d 1350, 1352 (Me. 1994). Furthermore, "good cause" may

---

[2] **Definition of good cause.** "Good cause" as used in [notice requirement section] includes but is not limited to any causes in which any official of the governmental entity whose duties and authority include the settlement of tort claims or any tort liability insurer of the governmental entity makes direct oral or written contracts with the claimant or the claimants personal representative or attorney, including payments to or on behalf of the claimant, that contain or imply a promise of coverage sufficient to cause a reasonable person to believe that the losses for which no timely notice claim is filed would be covered. 14 M.R.S.A. § 8107(5).

[3] **Limitation of actions.** Every claim against a governmental entity or its employees permitted under this chapter is forever barred from the courts of this State, unless an action therein is begun within 2 years after the cause of action accrues, . . .. 14 M.R.S.A.§ 8110.

be found when an official "whose duties and authority include the settlement of tort claims or tort liability . . . makes direct oral or written contracts . . . that contain or imply a promise of coverage sufficient to cause a reasonable person to believe that the losses . . . would be covered." 14 M.R.S.A. § 8107(5).

Here, the Plaintiff provides evidence in form of affidavits that suggest the City official who manages liability claims, Cheryl Main, told Plaintiff's father that the City would take care of his medical bills and offered to verify this information with Plaintiff's treating doctors at PBNPC. Plaintiff's evidence further suggests Cheryl Maine confirmed that the City would cover the costs of Plaintiff's treatment when contacted by PBNPC at Plaintiff's initial visit. When payment was not forthcoming, Plaintiff and his father both attempted to reach Cheryl Main within 180 days of the accident, but she did not respond. Cheryl Main claims she does not remember making the above representations.

The evidence provided, viewed in a light most favorable to Plaintiff, creates a factual dispute as to whether Main, an official whose duties and authority include the settlement of claims, made representations to the Plaintiff or to Plaintiff's father acting on Plaintiff's behalf, that contained or implied a promise that Plaintiff's medical expenses would be covered. Because the disputed issue is material to whether Plaintiff has established a "good cause" exception for filing a Notice of Claim, summary judgment is precluded.

Defendant City of Portland's Motion for Summary Judgment is **DENIED**.

Dated_____ June 28 2005

_____
Roland A. Cole
Justice, Superior Court

COURTS
nd County
x 287
e 04112-0287

MARK DUNLAP ESQ
PO BOX 4600
PORTLAND ME 04112

x 287
e 04112-0287

NEAL STILLMAN ESQ
97A EXCHANGE STREET
PORTLAND ME 04101

and County
ox 287
ne 04112-0287

MARSHALL TINKLE ESQ
PO BOX 15060
PORTLAND ME 04112