STATE OF MAINE                         SUPERIOR COURT
CUMBERLAND, ss.                        CIVIL ACTION
                                       DOCKET NO. CV-07-176

ANITA S. CHARLES and
CHRISTOPHER K. GELDER,

        Plaintiffs

        v.                             ORDER ON
                                       MOTION TO DISMISS
RON COTE, SANFORD J. PRINCE,

MICHAEL DUFFY, WINDHAM

SCHOOL DEPARTMENT and

THE TOWN OF WINDHAM,

        Defendants

Before the Court are Defendants Sanford Prince ("Prince"), Michael Duffy

("Duffy"), Windham School Department and the Town of Windham's ("Town" and

collectively "School Defendants") and Defendant Ron Cote's ("Cote") motions to

dismiss Plaintiffs Anita Charles and Christopher Gelder's ("Plaintiffs") complaint

pursuant to M.R. Civ. P. 12(b)(6).

## BACKGROUND

The facts as alleged by Plaintiffs are as follows. Plaintiffs are Town residents. At

all times relevant to this case, Prince was Superintendent of Schools for the Town, Duffy

was Chairman of the Windham School Committee ("Committee") and Cote was

Principal of Manchester School located in the Town. By "custom and usage," Prince was

responsible for investigating school personnel matters and the Committee delegated final decision-making authority on all such matters to Prince.

In October of 2004, a female "gifted and talented" teacher at Manchester School abruptly resigned under circumstances that caused Plaintiffs and other parents to believe that Cote's mistreatment of that teacher led to her resignation. Based on their belief that the teacher's resignation had negative consequences for their children, Plaintiffs and other parents organized a group called "Concerned Manchester Parents." This group wrote a letter to the editor of a local newspaper voicing their concerns. In that letter, all the group's members were identified by name and Ms. Charles was identified as their leader. Plaintiffs also filed a written complaint alleging Cote's inappropriate conduct towards parents, teachers and students. During the fall of 2004, the Windham Independent published numerous articles on the allegations of misconduct made by Concerned Manchester Parents.

Subsequently, Cote allegedly sent defamatory letters regarding Ms. Charles to a number of parties including Prince and the Windham Independent, a community newspaper. Plaintiffs assert that the School Defendants knew that Cote wrote these letters in retribution for Plaintiffs' actions against him. Prince, however, supported Cote, finding no misconduct on his part. Plaintiffs appealed Prince's decision to the Committee. At a private hearing on this appeal, Plaintiffs allege that the Committee "verbally attacked Plaintiff Charles for reporting misconduct . . . accusing her of dishonesty and of defamation of the character of Superintendent Prince." (Compl. ¶ 20.) Following this hearing, the Committee decided to support Prince's conclusion that no punishment of

2

Cote was warranted. Thereafter, on February 2, 2005 Cote resigned his position as Principal of Manchester School.

Plaintiffs filed a Notice of Claim dated May 16, 2005 describing the allegedly tortious conduct of Cote and the Committee. In June 2005, elections for Committee members among other Town municipal positions were conducted. Ms. Charles was a candidate for the Committee. In response to her candidacy, Plaintiffs allege that members of the Committee published false information to the public about her including that she was a negligent parent and that she had filed a frivolous lawsuit against the Town.

Ms. Charles lost her campaign for election to the Committee and requested a formal inspection of the ballots. At the ballot inspection, a Committee member shouted at Plaintiffs that they did not have a right to inspect the ballot and that doing so was a waste of time and taxpayer money.

Plaintiffs initially commenced their lawsuit arising out of the above alleged facts in the United States District Court for the District of Maine. In a recommended decision on motions to dismiss the federal claims raised in Plaintiffs' complaint, United States Magistrate Judge David M. Cohen ruled that Plaintiffs' causes of action alleging violations of federal law, including their First Amendment claim, their Fourteenth Amendment equal protection claim and their retaliation claim under 20 U.S.C. § 1682, be dismissed and that in the absence of any live federal issues, the court should decline jurisdiction over Plaintiffs' remaining state law causes of action. *Charles v. Cote*, 2006 U.S. Dist. LEXIS 67331 (D. Me. Sept. 18, 2006). Final judgment of dismissal was entered in federal court on December 11, 2006.

By a four-count complaint filed February 28, 2007, Plaintiffs initiated the present lawsuit. Plaintiffs' complaint alleges violation of their right to Freedom of Speech under Article 1, § 4 of Maine's Constitution (Count 1), violation of their rights guaranteed by the Equal Protection Clause of Article 1, § 6-A of Maine's Constitution (Count II), Defamation/Slander Per Se (Count III) and Negligence (Count IV). Cote and the School Defendants move for dismissal of all four counts of Plaintiffs' complaint.

## STANDARD OF REVIEW

On a motion to dismiss, a court must view the facts alleged in the complaint as if they were admitted. *Fortin v. Roman Catholic Bishop of Portland*, 2005 ME 57, ¶ 10, 871 A.2d 1208, 1213. A court then examines the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory. *Id.* ¶ 10, 871 A.2d at 1213-14.

## DISCUSSION

### I. Constitutional Claims

A threshold issue is whether the rights to free speech and equal protection guaranteed by Article I, § 4 and Article I, § 6-A of the Maine Constitution are identical in scope to those protected by the First Amendment and Fourteenth Amendment to the United States Constitution. If so, the federal court's dismissal of Plaintiffs' claims under the United States Constitution is res judicata on their claims under the Maine Constitution. *See Macomber v. Macquinn-Tweedie*, 2003 ME 121 ¶ 22, 834 A.2d 131, 139 (explaining that "[i]ssue preclusion . . . prevents re-litigation of factual issues already

4

decided if the identical issue was determined by a prior final judgment and . . . the party estopped had a fair opportunity and incentive to litigate the issues in a prior proceeding").

The Maine Constitution states that "[e]very citizen may freely speak, write and publish sentiments on any subject, being responsible for the abuse of this liberty." Me. Const. art. I, § 4. Similarly, the First Amendment to the United States Constitution provides that "Congress shall make no law . . . abridging the freedom of speech, or of the press . . . ." U.S. Const. amend. I. Plaintiffs argue that the difference in wording between these two constitutional provisions leads to the conclusion the Maine Constitution contains a broader application of the right to free speech than the United States Constitution.

Plaintiffs' argument lacks support. Plaintiffs are correct that the Law Court has never stated that the right to free speech guaranteed by the Maine Constitution is identical to that protected by the First Amendment, having merely held that, "[w]ith respect to free speech rights, 'the Maine Constitution is no less restrictive than the Federal Constitution.'" *Cent. Me. Power Co. v. PUC*, 1999 ME 119, n. 2, 734 A.2d 1120, 1125 (quoting *State v. Janisczak*, 579 A.2d 736, 740 (Me. 1990)). The court, however, has noted that "'we have traditionally exercised great restraint when asked to interpret our state constitution to afford greater protections than those recognized under the federal constitution.'" *Bagley v. Raymond Sch. Dep't*, 1999 ME 60, ¶ 13, 728 A.2d 127, 132 (quoting *State v. Buzzell*, 617 A.2d 1016, 1018 n.4 (Me. 1992)). In line with this statement is a series of Law Court cases deciding whether a party's right to free speech under the Maine Constitution has been violated that make no distinction between that

5

analysis and the analysis of whether a party's right to free speech under the First Amendment has been violated. *See Cent. Me. Power Co.* 1999 ME 119 ¶¶ 9-23, 734 A.2d at 1125-30; *Janisczak*, 579 A.2d at 740-41; *Solmitz v. Maine School Administrative Dist.*, 495 A.2d 812, 816-20 (Me. 1985); *Opinion of the Justices*, 306 A.2d 18, 21 (Me. 1973).

In the absence of any authority supporting a different conclusion, this Court holds that the free speech rights protected by the Maine Constitution are "coextensive" with those under the United States Constitution. Similarly, in the absence of any authority to the contrary, the right to equal protection under the law protected by the Maine Constitution must be interpreted identically to that protected by the Fourteenth Amendment to the United States Constitution. As a result, both Count I and Count II of Plaintiff's complaint must be dismissed under principles of res judicata.

## II. Defamation Claim

As an initial matter, despite the blanket assertion in their complaint that the Defendants published defamatory statements about Ms. Charles, Plaintiffs acknowledge in their brief that there are no allegations supporting a cause of action for defamation against either Prince or Duffy. As a result, Count III must be dismissed as to those two defendants.

Regarding Cote, Plaintiffs allege that he sent letters to various parties making claims he knew to be false regarding Ms. Charles. If true, Ms. Charles would be entitled to relief against Cote on her defamation cause of action.[1]

---

[1] Cote's argument that the Maine Tort Claims Act bars the cause of action against him is without merit. A government employee is absolutely immune from personal liability for "[p]erforming or failing to perform any discretionary function or duty, whether or not the discretion is abused . . . ." 14 M.R.S.A. § 8111(C). This immunity, however, only applies to intentional acts when those acts did not exceed the scope of the

The School Defendants do not assert that the allegations made by Plaintiffs fail to properly allege defamation. Rather, they claim that Plaintiffs have failed to comply with the requirements of the Maine Tort Claims Act ("MTCA") for pursuing a cause of action against the them. Specifically, under the MTCA a party seeking to sue a government entity must file a written notice of claim containing, among other requirements, "[a] concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of." 14 M.R.S.A. § 8107(1)(B). Failure to comply with the MTCA's notice requirement, absent good cause, bars a suit against a government entity. *Oceanside at Pine Point Condo. Owners Ass'n v. Peachtree Doors, Inc.* 659 A.2d 267, 273 (Me. 1995).

Plaintiffs filed a notice of claim dated May 16, 2005, describing the Committee's allegedly tortious behavior up to that point. The tortious actions described in that Notice of Claim related to the alleged defamatory letters Cote sent to various parties in November and December of 2004. In the present suit, however, Plaintiffs' defamation claim against the School Defendants is based on the alleged actions of the School Defendants in publishing "their own slanderous statements to cause Plaintiff Charles to lose the school board seat and to otherwise defame the reputation of plaintiffs and portray them as litigious for merely complying with the [MTCA] Notice provision." (Pls.'s Rep. Br. at 6.)These actions are not described in Plaintiffs' Notice of Claim, nor could they have been as they had yet to occur at the time the Notice was filed. Plaintiffs filed no

---

discretion a defendant possessed in his official capacity. *Polley v. Atwell*, 581 A.2d 410, 413 (Me. 1990). It is beyond question that Cote mailing letters to various parties falsely claiming that Ms. Charles was having an affair was not an act within his discretion in his role as Principal of Manchester School.

subsequent Notice of Claim regarding the School Defendants' allegedly tortious actions in connection with the School Board election.

Notwithstanding their failure to file a Notice of Claim regarding their defamation claim against the School Defendants, Plaintiffs argue that they have "substantially complied" with the MTCA's notice requirements and therefore should be permitted to pursue their cause of action. The MTCA's notice provision permits claimants to go forward with suits where its requirements have been "substantially complied with." 14 M.R.S.A. § 8107(4). This provision, however, is only applicable where "notice, *although timely filed or excused from timely filing because of good cause*, is defective in some other respect such as the failure to satisfy the form requirements of § 8107(1)(A-E)." *Bruno v. Lewiston*, 570 A.2d 1221, 1222 (Me. 1990).

Plaintiffs have alleged no facts sufficient to demonstrate "good cause" for its failure to file a second Notice of Claim. *See id.* (stating "that good cause pertains only to the *inability* to file the required claim). Therefore, the only issue is whether Plaintiffs Notice of Claim pertaining to Cote's alleged defamation in retaliation for Plaintiffs' efforts to have him disciplined is defective in providing notice of their claims against the School Defendants for alleged defamation in connection with Ms. Charles's election campaign for the School Board. The Court concludes that Plaintiffs' Notice of Claim cannot be fairly read to encompass their claims against the School Defendants. Plaintiffs' causes of action against Cote and the School Defendants simply arise out of two

completely separate incidents. As a result, Plaintiffs' defamation claim against the School

Defendants must be dismissed.[2]

Therefore, the entry is:

> The School Defendants' motion to dismiss is GRANTED. Cote's motion to dismiss is GRANTED as to Counts I and II of Plaintiffs' complaint and DENIED as to Counts III and IV.

> The clerk shall incorporate this Order into the docket by reference pursuant to M.R. Civ. P. 79(a).

Dated at Portland, Maine this __16th__ day of __July__, 2007.

Robert E. Crowley
Justice, Superior Court

---

[2] Plaintiffs have made no separate argument in opposition to the motion to dismiss Count IV of their complaint alleging Negligence. As this count is based on the same operative facts as Plaintiffs' defamation count, it must be dismissed for the same reason.

nd County
ox 287
ie 04112-0287

CYNTHIA DILL ESQ
1227 SHORE RD
CAPE ELIZABETH ME 04107

COURTS
id County
ox 287
e 04112-0287

MICHAEL SAUCIER ESQ
THOMPSON & BOWIE
PO BOX 4630
PORTLAND ME 04112-4630

OF COURTS
land County
Box 287
tine 04112-0287

MELISSA HEWEY ESQ
DRUMMOND WOODSUM & MACMAHON
PO BOX 9781
PORTLAND ME 04104