John GARDNER, et al.

v.

CITY OF BIDDEFORD, et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 5, 1989.

Decided Oct. 26, 1989.

John H. O'Neil, Smith & Elliott, Saco, for plaintiffs.

Jerrol A. Crouter, Melissa A. Hewey, Drummond, Woodsum, Plimpton & McMahon, Portland, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, HORNBY and COLLINS, JJ.

WATHEN, Justice.

Plaintiffs John M. Gardner, Rachel S. Gardner and Dennis Bridges appeal from an order of the Superior Court (York County, *Delahanty, J.*) granting summary judgment in favor of defendants City of Biddeford, Biddeford Public Schools and John Narsiff. Plaintiffs contend that the motion justice erred in ruling that plaintiffs failed to comply with the notice requirements of the Maine Tort Claims Act, 14 M.R.S.A. § 8107 (1980 & Supp.1988). They argue that they have shown good cause for their late notice. We disagree and affirm the judgment.

In December, 1986, plaintiff Dennis Bridges informed his mother, plaintiff Rachel Gardner, that he was the victim of improper sexual advances made by his fifth grade teacher, Ernest Spenard, while his class was on a field trip. The next day she met with defendant Narsiff, Dennis' principal, to discuss the matter. Shortly thereafter plaintiffs filed a civil action against Spenard, seeking damages based on unlawful sexual contact.

In August, 1988, Rachel Gardner appeared as a witness for the prosecution at the trial of defendant Narsiff, who was being prosecuted for his alleged failure to report complaints of sexual abuse concerning Spenard to the Department of Human Services. While at the hearing, Rachel Gardner learned from another parent that other instances of sexual improprieties concerning Spenard were reported to defendant Narsiff prior to December, 1986.

On November 30, 1988, plaintiffs filed a notice of tort claim with the Biddeford City Clerk, pursuant to 14 M.R.S.A. § 8107 (1980 & Supp. 1988). On that same date, they filed this civil action. Section 8107(1) requires a claimant to file a written notice of claim within 180 days "after a claim or cause of action permitted by this chapter accrues, or at a later time within [the two-year limitation period], when a claimant shows good cause why notice could not have reasonably been filed ...." 14 M.R. S.A. § 8107(1) (Supp.1988). Section 8107(4) states that "[n]o claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with." *Id.* § 8107(4)

(1980). The Superior Court granted defendants' motion for summary judgment, ruling that plaintiffs had failed to comply with the 180–day notice provision. Plaintiffs now appeal.

M.R.Civ.P. 56(c) provides that "[j]udgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." Accordingly, in order to prevail on a motion for summary judgment the moving party "must establish that there is no genuine issue as to any material fact. If no genuine issue of material fact remains, the trial court must render judgment if any party is entitled to such judgment as a matter of law." *Saltonstall v. Cumming*, 538 A.2d 289, 290 (Me.1988).

In opposition to defendants' motion for summary judgment, plaintiffs submitted the affidavit of Rachel Gardner. She states that she did not learn of any prior instances of sexual misconduct concerning Spenard until August of 1988, when she learned of an October, 1986 incident from another parent whom she met at defendant Narsiff's trial. She further states that prior to August of 1988 she had "no reason to believe that there had been complaints made." Plaintiffs' argument on appeal is that there were no reasonable means available to Rachel Gardner for discovering any prior instances of sexual misconduct and that therefore plaintiffs had good cause for their late notice.

We hold as a matter of law that plaintiffs have failed to establish good cause. Plaintiffs have generated no genuine issue of fact concerning their inability to obtain information concerning Narsiff's investigation of Spenard, nor have they demonstrated that they were prevented from obtaining such information. Judging from Rachel Gardner's affidavit, she made no further contact with defendant Narsiff after their initial meeting. Moreover, plaintiffs dismiss the option of making inquiries of other parents as "extremely difficult and embarrassing and an unreasonable burden to place upon Mrs. Gardner." Our prior decisions support the conclusion that in order to invoke the excuse of good cause, plaintiffs must establish that they were in some meaningful way prevented from learning of the information forming the basis of their complaint. *See, e.g., Erickson v. State*, 444 A.2d 345, 350 (Me.1982) (evidence showing that plaintiff had not received a physician's report linking his injury to a fall on State property suffered over a year previous until after the 180–day notice period had passed did not raise a question of fact relating to good cause); *Faucher v. City of Auburn*, 465 A.2d 1120, 1124 (Me.1983) (Court refused to find good cause on the basis of plaintiff's minority alone). On these facts, plaintiffs do not meet this burden.

The entry is:

Judgment affirmed.

All concurring.