2000 ME 35

**David PORTER et al.**

v.

**Katherine PHILBRICK–GATES et al.**

Supreme Judicial Court of Maine.

Argued Feb. 7, 2000.
Decided Feb. 28, 2000.

Richard L. O'Meara (orally), Rita S. Saliba, Murray Plumb & Murray, Portland, for plaintiffs.

Peter T. Marchesi (orally), Wheeler & Arey, P.A., Waterville, for defendants.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

ALEXANDER, J.

[¶ 1] David and Rhonda Porter appeal the judgment of the Superior Court (Somerset County, *Kravchuk, J.*) granting a summary judgment in favor of defendants, Katherine Philbrick–Gates, Michael Nelson, and Richard Pratt (Philbrick–Gates). The Porters contend that the court erred by ruling that they failed to show good cause within the meaning of the "good cause" exception to the 180–day notice requirement of section 8107 [1] of the Maine Tort Claims Act, Title 14 M.R.S.A. §§ 8101–8118 (1980 & Supp.1999). We affirm.

[¶ 2] The facts that give rise to this case involve interactions between the Porter's son and school employees in November 1996 and the son's suicide in December 1996, for which the Porters seek to hold the school employees responsible. The Porters met with school officials and stated their claim that school employees were responsible for their son's death on January 2, 1997. Subsequently, the Porters spoke with several attorneys about the case before present counsel was retained in late 1997. The notice of claim was not filed until May 1998, and suit was filed December 24, 1998.

1. Title 14 M.R.S.A. § 8107 provides in pertinent part: .

§ 8107. Notice to governmental entity

1. Notice requirements for filing. Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180–day limit, a claimant or a claimant's personal representative or attorney shall file a written notice containing:
A. The name and address of the claimant, and the name and address of the claimant's attorney or other representative, if any;
B. A concise statement of the basis of the claim, including the date, time, place and circumstances of the act, omission or occurrence complained of;
C. The name and address of any governmental employee involved, if known;
D. A concise statement of the nature and extent of the injury claimed to have been suffered; and
E. A statement of the amount of monetary damages claimed.
. . . .

14 M.R.S.A. § 8107 (1980 & Supp.1999).

[¶ 3] The parties agreed to a staged discovery schedule and conducted discovery solely on the issue of whether good cause existed for the Porters to miss the 180–day filing requirement. At the close of this preliminary discovery stage, Philbrick–Gates filed a motion for summary judgment. The Superior Court granted the motion and entered a summary judgment in favor of Philbrick–Gates. The Porters filed a timely appeal to this Court.

[¶ 4] Pursuant to 14 M.R.S.A. § 8107, a party with a cause of action against a governmental entity must file a notice of claim within 180–days of the accrual[2] of the action unless he or she "shows good cause why notice could not have reasonably been filed" within that time frame. *See* 14 M.R.S.A. § 8107(1); *Cottle Enters., Inc. v. Town of Farmington*, 1997 ME 78, ¶ 15, 693 A.2d 330, 334–35. Failure to comply bars the suit. *See Begin v. City of Auburn*, 574 A.2d 888, 889 (Me.1990). We have interpreted "good cause" to require a showing that the plaintiff was unable to file a claim or was meaningfully prevented from learning of the information forming the basis for his or her complaint. *See Smith v. Voisine*, 650 A.2d 1350, 1352 (Me.1994); *McNicholas v. Bickford*, 612 A.2d 866, 869–70 (Me. 1992).

[¶ 5] On appeal the Porters contend that because their claim is a wrongful death action, 14 M.R.S.A. § 160 (1980); 18–A M.R.S.A. § 2–804 (1998), there should be a special exception to the good cause requirement and the 180–day notice deadline since the party allegedly wronged is deceased and gathering evidence is more difficult.

[¶ 6] The wrongful death law anticipates tort claims actions and explicitly makes such actions subject to the limitations of the Maine Tort Claims Act. *See* 18–A M.R.S.A. § 2–804(d) (1998).[3] The Tort Claims Act similarly anticipates wrongful death actions but does not create the exception claimed by plaintiffs. *See* 14 M.R.S.A. § 8104–C (Supp.1999).[4] Thus, the regular notice requirements of the Maine Tort Claims Act apply to wrongful death actions.

[¶ 7] The Porters also argue that they deserve a good cause exception from the 180–day notice requirement because they were overcome with loss during this period; because child witnesses were unwilling to come forward within this period; and because the Porters did not have a reasonable basis to believe they had a suit against the school employees until well after the 180–day period had expired.

[¶ 8] In *Begin v. City of Auburn*, 574 A.2d 888 (Me.1990), we rejected the plaintiffs' good cause argument based on a lack of memory of the circumstances surrounding an auto accident because the plaintiffs had engaged an attorney and an accident reconstructionist within three months of the accident and had at all times believed that the accident was caused by a city employee. *See id.* at 889. We also rejected the plaintiffs' claim that they had failed to meet the deadline due to the require-

---

2. A cause of action accrues "when the party suffers a judicially cognizable injury." *See McNicholas v. Bickford*, 612 A.2d 866, 869 (Me.1992) (citing *Sturgeon v. Marois Bros., Inc.*, 511 A.2d 1065, 1066 (Me.1986)).

3. 18–A M.R.S.A. § 2–804(d) states:

. . . .

(d) Any action under this section brought against a governmental entity under Title 14, sections 8101 to 8118, shall be limited as provided in those sections.
18–A M.R.S.A. § 2–804(d) (1998).

4. 14 M.R.S.A. § 8104–C states:

§ 8104–C. Wrongful death action
Subject to any immunity provided by this chapter or otherwise provided by law, actions for the death of a person brought by the personal representatives of the deceased person against a governmental entity or employee shall be brought in the same manner that is provided for similar to actions in Title 18–A, section 2–804 and amounts recovered shall be disposed of as required in that section; provided that the limitations of sections 8104–D and 8105 shall apply.
14 M.R.S.A. § 8104–C (Supp.1999).

ments of M.R. Civ. P. 11 and M. Bar R. 3.7.[5] The Court observed:

> [A] notice of claim is not a pleading or motion to which Rule 11 applies. [E]ven if the professional constraints of M. Bar R. 3.7 barred the [plaintiffs'] attorney from filing a notice of claim, an interpretation we do not adopt, nothing prevented the [plaintiffs] themselves from filing a timely notice . . . .

*Id.*

[¶ 9] *Begin* effectively disposes of the Porters' claim that it would have been inappropriate for them to have filed a notice of claim based on the information they had within the 180–day time frame. The notice is not a pleading and can be filed when a party has less than complete understanding of the facts forming the basis of his or her suit.

[¶ 10] In *Gardner v. City of Biddeford,* 565 A.2d 329 (Me.1989), we rejected an argument that the plaintiff parents and son had no reasonable means of obtaining information forming the basis of their claim against the defendant school teacher within the 180–day period, when they learned of an act of sexual abuse against the son only after the mother talked with another parent some 20 months after the alleged act of sexual abuse. *See id.* at 329. We held as a matter of law that plaintiffs failed to establish good cause because they did not generate a genuine issue of fact concerning their inability to obtain information or that they were prevented from obtaining the information. *See id.* at 330. The plaintiffs argued, *inter alia,* that it would have been too embarrassing and difficult to make inquiries of other parents. *See id.*

[¶ 11] The instant case is similar to *Gardner* insofar as the Porters claim that they were prevented from getting information because of the absence of voluntary disclosures from the children or the school's administrators. *Gardner* establishes that plaintiffs are expected to endeavor to obtain information on their own if help is not forthcoming.

[¶ 12] The trial court committed no error of law in determining that the Porters had failed to demonstrate good cause for filing their notice of claim nearly a year after the 180–day deadline had passed.

The entry is:

Judgment affirmed.

---

**5.** Pursuant to M.R. Civ. P. 11, signed pleadings and motions must have "good ground" to support them. Pursuant to M. Bar R. 3.7, among other things, "[a] lawyer shall not file a suit, assert a position, delay a trial, or take other action on behalf of a client [knowing] that such action would merely serve to harass or maliciously injure another."