### 2000 ME 184
### Carol BEAUCAGE
#### v.
### CITY OF ROCKLAND et al.

Supreme Judicial Court of Maine.

Submitted on Briefs Sept. 27, 2000.
Decided Oct. 27, 2000.

Charles E. Gilbert III, Esq., Julie D. Farr, Esq., Gilbert & Greif, P.A., Bangor, for plaintiff.

Jon A. Haddow, Esq., Farrell, Rosenblatt & Russell, Bangor, for City of Rockland.

John S. Whitman, Esq., Portland, for Rolerson.

Panel: WATHEN, C.J., and RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

RUDMAN, J.

[¶ 1] The City of Rockland appeals from the denial of its motion for summary judgment entered in the Superior Court (Lincoln County, *Cole, J.*) contending that the trial court erred in finding "good cause" for Carol Beaucage's failure to make a timely notice of claim as required by the Maine Tort Claims Act, 14 M.R.S.A. § 8107 (1980 & Supp.1999).[1] We affirm in part and vacate in part.

[¶ 2] Carol Beaucage, as personal representative of the Estate of William Beaucage, brought a suit against the City of Rockland and others seeking damages for the death of William Beaucage. William Beaucage was a passenger in a motor vehicle operated by Dana Rolerson Jr. when that vehicle left the road at a high rate of

---

1. The applicable section of the Maine Tort Claims Act provides, in pertinent part:

   § 8107. Notice to governmental entity

   **1. Notice requirements for filing.** Within 180 days after any claim or cause of action permitted by this chapter accrues, or at a later time within the limits of section 8110, when a claimant shows good cause why notice could not have reasonably been filed within the 180-day limit, a claimant or a claimant's personal representative or attorney shall file a written notice containing:
   
   . . . .
   
   **4. Substantial notice compliance required.** No claim or action shall be commenced against a governmental entity or employee in the Superior Court unless the foregoing notice provisions are substantially complied with. . . .

   14 M.R.S.A. § 8107 (1980 & Supp.1999).

speed and crashed, resulting in Beaucage's death. In Count III of the complaint (the only claim asserted against the City, and, therefore, the only count at issue in this appeal), Beaucage alleges that, approximately 45 to 60 minutes prior to the accident, agents of the City had direct contact with Rolerson. Beaucage claims that those agents, police officers, were negligent because they knew, or should have known, that Rolerson was driving under the influence of alcohol, and that "using prudent and proper police practices, they should have detained Rolerson and/or impounded his vehicle." Beaucage asserts that she was unable to give the requisite 180–day notice because information concerning the City's involvement was not released until after Rolerson had pled guilty to manslaughter.

[¶ 3] The City moved to dismiss Beaucage's complaint on the basis of her failure to serve a notice of claim on the City pursuant to 14 M.R.S.A. § 8107. Beaucage responded with the affidavit of Emmet Meara, a reporter for the *Bangor Daily News*, asserting that it was not public knowledge that Rolerson's vehicle had been stopped prior to the accident. The City responded to the Meara affidavit with the affidavit of Stephen Johnson, a former Rockland police officer who had contact with Rolerson on the date of the accident.

[¶ 4] The court denied the City's motion, finding "good cause" for the late filing on the basis that "the Sheriff's Department, State Police, DA and Defense Attorneys pursuant to confidentiality statutes and constitutional particulars stopped all dissemination of information until [Rolerson] pled guilty." The City then appealed.[2]

[¶ 5] The filing of the affidavits converted the City's motion to dismiss into a motion for a summary judgment. *See In*

*re Magro*, 655 A.2d 341, 342 (Me.1995) (citing M.R. Civ. P. 12(b)). The City demonstrated that Beaucage's notice of claim was not received before the expiration of the 180–day period; therefore, the burden was on Beaucage to "generate an issue of fact on the question of good cause so as to preclude summary judgment." *Erickson v. State*, 444 A.2d 345, 350 (Me.1982); *see also McNicholas v. Bickford*, 612 A.2d 866, 869 (Me.1992) (the plaintiff must establish good cause to invoke the exception). Rather than finding a material issue of fact, the court expressly found that Beaucage had established good cause. By making such a finding on the pleadings, the court effectively found that there were no genuine issues of material fact on the issue of good cause, and Beaucage was entitled to summary judgment as a matter of law on that discrete issue. Faced with a motion for a summary judgment, the trial court's task is to determine whether there is a material issue of fact. Although a summary judgment may be rendered against the moving party, if an issue of fact exists, the court must deny the motion. *See* M.R. Civ. P. 56(c).

[¶ 6] "We review the grant of a summary judgment for errors of law and independently examine the record to determine if a genuine issue of material fact exists." *Hefflefinger, Inc. v. City of Portland*, 1999 ME 153, ¶ 7, 739 A.2d 844, 847. "We have interpreted 'good cause' to require a showing that the plaintiff was unable to file a claim or was meaningfully prevented from learning of the information forming the basis for his or her complaint." *Porter v. Philbrick–Gates*, 2000 ME 35, ¶ 4, 745 A.2d 996, 998 (citing *Smith v. Voisine*, 650 A.2d 1350, 1352 (Me.1994); and *McNicholas*, 612 A.2d at 869–70). The difficulty in learning the facts underlying a claim is not enough for a plaintiff to

---

**2.** Beaucage sought a dismissal of this appeal on the basis of the final judgment rule. Contrary to Beaucage's contention, the denial of a motion to dismiss for failure to comply with the requirements of section 8107 of the Maine

Tort Claims Act is immediately appealable as an exception to the final judgment rule. *Webb v. Haas*, 1999 ME 74, ¶ 5, 728 A.2d 1261, 1264.

meet its burden of showing good cause. *Gardner v. City of Biddeford,* 565 A.2d 329, 330 (Me.1989). "[P]laintiffs are expected to endeavor to obtain information on their own ...." *Porter,* 2000 ME 35, ¶ 11, 745 A.2d at 999.

■ [¶ 7] Johnson's affidavit reveals that Rolerson's encounter with the police related to a separate incident which never gave rise to any criminal charges, and there is no evidence that Beaucage would have been denied access to any information regarding the earlier incident or that Beaucage would have been denied access to such information if she had sought to obtain it. In addition, Meara's affidavit seeks to establish that there was a lack of public knowledge, prior to the sentencing hearing, that Rolerson had contact with the police before the accident. While these facts are sufficient to generate an issue of fact on the question of good cause so as to preclude summary judgment, they do not establish good cause as a matter of law, entitling Beaucage to summary judgment on this issue. Where a genuine issue of material fact exists on the issue of good cause, the trial court should resolve that issue after a full evidentiary hearing. The burden is on the plaintiff to demonstrate that she was unable to file a claim or was meaningfully prevented from learning the information that formed the basis of her claim. *See Porter,* ¶ 4, 745 A.2d at 998.

[¶ 8] Therefore, on the material facts at issue, the court did not err in its denial of the City's motion for summary judgment; however, the court did err in granting summary judgment in favor of Beaucage.

The entry is:

Judgment affirmed in part and vacated in part. Remanded for further action consistent with the opinion herein.