2001 ME 179

Nancy **PETERS**

v.

**CITY OF WESTBROOK et al.**

Supreme Judicial Court of Maine.

Argued: Oct. 10, 2001.

Decided: Dec. 27, 2001.

John P. Flynn III (orally), Troubh, Heisler & Piampiano, P.A., Portland, for plaintiff.

Paul C. Catsos (orally), Elizabeth Knox Peck, Thompson & Bowie, Portland, for defendants.

Panel: SAUFLEY, C.J., and CLIFFORD, RUDMAN, DANA, ALEXANDER, and CALKINS, JJ.

CALKINS, J.

[¶ 1] Nancy Peters,[1] the personal representative of the estate of Michael Peters, appeals from the summary judgment entered in the Superior Court (Cumberland County, *Warren, J.*) in favor of the City of Westbrook and its paramedic supervisor, Linda Roberts, in Peters' wrongful death action. Because Peters failed to demonstrate good cause for her failure to file a timely notice of claim on the City and Roberts pursuant to the requirements of the Maine Tort Claims Act, 14 M.R.S.A. § 8107(1) (Supp.2001), we affirm the judgment.

## I. FACTS

[¶ 2] This case arose from the sudden and unfortunate death of Michael Peters, the husband of Nancy Peters. On March 18, 1998, he suffered a heart attack while playing in a pick-up basketball game at Westbrook Middle School. A City of Westbrook ambulance crew led by Roberts arrived with a defibrillator. Some eyewitnesses recalled hearing ambulance personnel saying that the paddles would not work. The ambulance transported Michael Peters to Maine Medical Center where he was pronounced dead.

[¶ 3] Shortly thereafter, witnesses told James Garland, a Westbrook City Councillor and friend of Peters, about the malfunctioning defibrillator. Garland asked the chief of Westbrook's Fire and Emergency Services about it, and the chief told Garland that the defibrillator paddles would not work due to perspiration on

---

1. The two minor children of Michael Peters were named as plaintiffs. Because the only claim in the complaint is a wrongful death claim, Nancy Peters, as the personal representative of the decedent's estate, was the only proper plaintiff. 18–A M.R.S.A. § 2–804(b) (Supp.2001).

Michael Peters' body. Garland did not relate this information to Nancy Peters. She did not learn about the defibrillator malfunction until November 1999, when she was told by her minor daughter, who had learned about it from a classmate on March 18, 1999.

[¶ 4] Nancy Peters sent a notice of claim to the City on February 14, 2000, twenty-three months after the death of Michael Peters. She filed this action a month later. Roberts' and the City's motion for a summary judgment was granted.

## II. DISCUSSION

■ [¶ 5] Pursuant to the Maine Tort Claims Act, 14 M.R.S.A. § 8103 (1980), governmental entities are immune from suit unless their actions fit within one of the exceptions to immunity. Plaintiffs who seek to hold a governmental unit and employee liable must first meet a procedural requirement of notifying the unit of the intention to bring a claim. Section 8107(1) of the Tort Claims Act, as applied to this case, required Nancy Peters to file a written notice with the City of Westbrook within 180 days after the claim accrued. She concedes that her notice was not filed within the time limit, but she relies on the "good cause" exception of 14 M.R.S.A. § 8107(1). A claimant may escape the 180–day notice requirement if the claimant has "good cause why notice could not have reasonably been filed within the 180–day limit." 14 M.R.S.A. § 8107(1).

■ [¶ 6] "We have interpreted 'good cause' to require a showing that the plaintiff was unable to file a claim or was meaningfully prevented from learning of the information forming the basis for his or her complaint." *Beaucage v. City of Rockland,* 2000 ME 184, ¶ 6, 760 A.2d 1054, 1056. The good cause exception is interpreted narrowly since the Maine Tort Claims Act is a "limited relaxation" of

common-law sovereign immunity. *Smith v. Sch. Admin. Dist. No. 58,* 582 A.2d 247, 249 (Me.1990).

■ [¶ 7] Nancy Peters argues three reasons for her failure to meet the 180–day notice requirement and contends that these three reasons amount to good cause. First, she stated in her statement of material facts that she has suffered from multiple sclerosis since 1996. She did not, however, present any facts as to how her condition kept her from meeting the notice requirement in a timely fashion. It is apparent that once her daughter told her about the defibrillator malfunction in November 1999, Nancy Peters was able to take action to file the notice in February 2000. Neither her statement of material facts nor her supporting affidavit alleged that her medical condition prevented her from filing the notice or learning the facts surrounding her husband's death. The fact that she suffers from multiple sclerosis, does not, in and of itself, meet the good cause exception.

■ [¶ 8] The second basis for Nancy Peters' good cause claim is that she was unaware of the facts that form the basis for the City and Roberts' potential liability. She first learned about the defibrillator malfunction from her daughter and a month later spoke to Garland and a man who was present when Michael Peters collapsed and who witnessed the use of the defibrillator. They confirmed that the defibrillator failed or was used improperly. They had not told Nancy Peters this information earlier because they assumed she knew. The reasonable inference from this is that Nancy Peters would have learned this information from Garland and the other witness well within the 180–day limit if she had taken steps to do so. The fact that witnesses do not voluntarily come forward does not constitute good cause.

Porter v. Philbrick–Gates, 2000 ME 35, ¶ 11, 745 A.2d 996, 999; Gardner v. City of Biddeford, 565 A.2d 329, 330 (Me.1989). "The difficulty in learning the facts underlying a claim is not enough for a plaintiff to meet its burden of showing good cause." Beaucage, 2000 ME 184, ¶ 6, 760 A.2d at 1056–57. "[P]laintiffs are expected to endeavor to obtain information on their own if help is not forthcoming." Porter, 2000 ME 35, ¶ 11, 745 A.2d at 999. Only when a plaintiff is truly prevented from obtaining the information can good cause be established, as in Beaucage, where the plaintiff offered evidence that police and prosecutors withheld crucial information. 2000 ME 184, ¶¶ 4, 7, 760 A.2d at 1056, 1057. Nancy Peters was not prevented from learning the facts about the use of the defibrillator.

■ [¶ 9] The third basis given by Nancy Peters as good cause for the late filing is that even if she had sought information about her husband's death, that information would have been misleading. She argues that when Garland talked to the chief of Westbrook's Emergency Services, the chief gave Garland misleading information, that is, that the defibrillator paddles would not work because of perspiration. Even assuming that this information was misleading, it was not communicated to Peters until shortly before she filed the notice of claim and she has not shown how the information is related to her untimeliness. Because she had no knowledge of the information, it could not have prevented her from filing the claim.

[¶ 10] The wrongful death claim is barred by 14 M.R.S.A. § 8107(4) (1980) as Nancy Peters has not demonstrated good cause for her failure to meet the 180–day notice requirement of section 8107(1). Therefore, we do not reach the parties' arguments on whether the defibrillator comes within the definition of "other ma-chinery or equipment" in 14 M.R.S.A. § 8104–A(1)(G) (Supp.2001).

The entry is:

Judgment affirmed.