STATE OF MAINE                          SUPERIOR COURT
ANDROSCOGGIN, ss.                       CIVIL ACTION
                                        DOCKET NO. CV-12-20
                                        M OK-AND- 8/13/2013

                                        0339 3 443 12/38/17

GLEN WITHAM,
        Plaintiff

                                        ORDER ON MOTION
v.                                      TO DISMISS


ANDROSCOGGIN COUNTY
SHERIFF'S DEP'T, et al.
        Defendants


        Before the Court is County Defendants' motion to dismiss all remaining claims
asserted against them by Plaintiff Glen Witham.


**Background**

        On January 23, 2012, Plaintiff Glen Witham filed a complaint (the Original
Complaint) against the Androscoggin County Sheriff's Office and the Androscoggin
County Commissioner's Office. Plaintiff alleged that the Defendants violated his
constitutional rights by removing him from a rehab hospital prematurely in June 2010.
On March 5, 2012, Defendants removed the case to U.S. District Court.

        While in federal court, Plaintiff filed a Verified Complaint and an Amended
Verified Complaint. In the Verified Complaint, Plaintiff added seven additional
defendants: Guy Desjardins (Androscoggin County sheriff), Maurice Drouin (a deputy),
James Jacques (a sergeant), Glenn Holt (a lieutenant), William Gagne (a sergeant), Ray
Lafrance (a captain), and Michael Lemay (the chief deputy). In the Amended Verified
Complaint, Plaintiff added 22 additional defendants, which included various law
enforcement officials and two private individuals, who were apparently witnesses.

        The Verified Complaint detailed a series of events beginning in May 2010 when
Deputy Drouin began investigating Plaintiff Witham in connection with a stolen
computer. Deputy Drouin communicated with Witham online, arranged to purchase a
baseball Plaintiff had advertised on Craigslist, and planned to meet him in Greene on
May 12, 2010. On that day, Plaintiff attempted to escape law enforcement in his vehicle
and Drouin pursued him. Plaintiff ultimately collided with another vehicle, was
transported to the hospital for surgery, and was transported to the rehab facility on June

                                                                                    1

11, 2010. The Amended Verified Complaint contains similar facts as the two earlier complaints, and adds allegations that law enforcement concealed true events in the subsequent investigation and reports.

The Verified Complaint and Amended Verified Complaint included a range of state tort claims against the Defendants in connection with the events of May 12, 2010. The Verified Complaint indicated that Plaintiff Witham filed his notice of claim pursuant to the Maine Tort Claims Act on January 23, 2012.

On October 31, 2012, the U.S. District Court dismissed the federal claims and remanded the remaining state claims to this Court. Between the Verified Complaint and the Amended Verified Complaint, the state claims remaining are (1) negligence, (2) libel and slander,[1] (3) deceit and entrapment, (4) negligent supervision, failure to supervise, and covering up an investigation, (5) fraudulent concealment, (6) obstructing justice, and (7) conduct unbecoming of an officer. The Original Complaint was wholly disposed of by the U.S. District Court's October 31 order because it did not contain any state claims.

On November 15, the Androscoggin County Sheriff's Office, the Androscoggin County Commissioner's Office, and the seven defendants named in the Verified Complaint (the County Defendants)[2] filed a motion to dismiss the remaining state claims against them.

**Discussion**

A motion to dismiss tests the legal sufficiency of the complaint. *In re Wage Payment Litigation*, 2000 ME 162, ¶ 3, 759 A.2d 217. Under Rule 12(b)(6), dismissal is proper when the complaint fails to state a claim for which relief may be granted. *Id.* At this early juncture, the court must deem all the facts in the complaint to be admitted and "determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." *Id.*

A defendant may raise an affirmative defense – such as the statute of limitations, or, analogously, the 180-day notice of claim requirement – in a motion to dismiss "if the

---

[1] The libel and slander count concerns the two civilian defendants added in the Amended Verified Complaint, as well as various law enforcement officials.

[2] Thus, the County Defendants consist of all defendants except the 22 defendants added in the Amended Verified Complaint.

2

facts appear on the face of the summons and complaint." *Patten v. Milam*, 468 A.2d 620, 621 (Me. 1983). If the plaintiff then opts to litigate the issue by submitting evidence of timeliness outside the pleadings, then the motion will be treated as one for summary judgment. *Id.*

Here, the central premise of the motion is that all tort-based claims should be dismissed because Plaintiff Witham failed to abide by the 180-day notice of claim requirement in the Maine Tort Claims Act.[3] Based solely on the face of the complaint, the motion raises the obvious fact that the notice of claim fell well outside the 180-day window, *and* preemptively addresses certain facts concerning Plaintiff Witham's "good cause" argument, which he had happened to include in his pleadings. Thus, the procedural posture of the motion is somewhat unique, in that it is limited to the facts of the complaint and is properly presented as a motion to dismiss; yet it does address some aspects of "good cause" despite the fact that Plaintiff did not oppose the motion or submit additional evidence.

I.    *Maine Tort Claims Act*

The Maine Tort Claims Act (MTCA) establishes the procedure for bringing tort actions against government employees or entities. *Cushman v. Tilton*, 652 A.2d 650, 651 (Me. 1995). A plaintiff must give notice to the government entity involved within 180 days after the cause of action accrues, unless he demonstrates "good cause why notice could not have reasonably been filed within the 180-day limit." 14 M.R.S.A. § 8107(1). Failure to comply bars the action. *Cushman*, 652 A.2d at 651.

"Good cause" requires a showing that "the plaintiff was unable to file a claim or was meaningfully prevented from learning of the information forming the basis for his or her complaint." *Porter v. Philbrick-Gates*, 2000 ME 35, ¶ 4, 745 A.2d 996. The notice does not constitute a pleading to which Rule 11 applies,[4] and, thus, a party may file the notice with "less than complete understanding of the facts forming the basis of his or her suit." *Id.* ¶¶ 8-9. A party's "difficulty in learning the facts underlying a claim" does

_____

[3] The tort-based claims can be grouped to include (1) negligence, (2) libel and slander, (3) deceit and entrapment, (4) negligent supervision, failure to supervise, and covering up an investigation, and (5) fraudulent concealment. As to the remaining claims, "obstructing justice" and "conduct unbecoming of an officer," the County Defendants argue that they should also be dismissed for failure to state a claim.

[4] Rule 11 states that an attorney who signs a pleading must believe there is "good ground to support it." M.R. Civ. P. 11(a).

3

not amount to good cause. *Peters v. City of Westbrook*, 2001 ME 179, ¶ 8, 787 A.2d 141. "Plaintiffs are expected to endeavor to obtain information on their own if help is not forthcoming." *Id.* Thus, good cause only exists when a plaintiff is "truly prevented" from obtaining the relevant information. *Id.*

In this case, the cause of action accrued no later than June 2010. Plaintiff Witham served a notice of claim on the County Defendants on January 23, 2012, well beyond the 180-day limit. (Verified Compl. 2; Amended Verified Compl. 7.) Plaintiff's complaints state that he had no memory of the events "until around the end of May [2010]," and he purports to have regained full memory at the time of the notice/complaints. (Verified Compl. 6; Amended Verified Compl. 9.) There is no evidence in the record as to his memory between those two points in time. At oral argument, Plaintiff stressed that he filed the notice of claim as soon as he procured certain police videos, but he also indicated that he and his counsel were aware of the videos at an earlier date. Even considering facts not in the record along with those in the complaint, Plaintiff was not "meaningfully prevented" from discovering the facts underlying the cause of action. There is no allegation or evidence that he lacked enough memory to file a notice of claim within the 180-day period, or that any issue obtaining the police video exceeded ordinary "difficulty in learning the facts underlying a claim." *Peters*, 2001 ME 179, ¶ 8, 787 A.2d 141.

II.      *Remaining claims*

The first remaining claim is "obstructing justice." Plaintiff Witham cites a number of statutes in support of his claim that are inapposite here. Title 30-A M.R.S.A § 285 is unrelated, and §§ 354, 382, 401, and 452 all concern duties of the Sheriff's department and do not create rights or causes of action. Title 14 M.R.S.A. § 851 is a statute of limitations provision, and does not create a right or cause of action. Title 25 M.R.S.A. §§ 2804-B and 2804-F deal with the training of law enforcement officers and corrections officers and do not create rights or causes of action.

The second remaining claim is "conduct unbecoming of an officer." Plaintiff admits that he is unaware of any statute to support his claim, and the Court is likewise unfamiliar with any cause of action of this sort.

The entry will be:

    The Court GRANTS the County Defendants' motion to dismiss all counts against

them.

_2/13/13_
DATE

_M^uenned_
SUPERIOR COURT JUSTICE

5

GLEN A WITHAM - PLAINTIFF
773 MAIN STREET APT 2
OLD TOWN ME 04468

vs

ANDROSCOGGIN COUNTY SHERIFFS OFFICE - DEFENDANT

Attorney for: ANDROSCOGGIN COUNTY SHERIFFS OFFICE
PETER MARCHESI  - RETAINED 11/15/2012
WHEELER & AREY PA
27 TEMPLE ST
PO BOX 376
WATERVILLE ME 04903-0376

ANDROSCOGGIN COUNTY COMMISSIONERS - DEFENDANT

Attorney for: ANDROSCOGGIN COUNTY COMMISSIONERS
PETER MARCHESI  - RETAINED 11/15/2012
WHEELER & AREY PA
27 TEMPLE ST
PO BOX 376
WATERVILLE ME 04903-0376

SUPERIOR COURT
ANDROSCOGGIN, ss.
Docket No  AUBSC-CV-2012-00020

**DOCKET RECORD**

Filing Document: COMPLAINT                    Minor Case Type: OTHER NEGLIGENCE
Filing Date: 02/02/2012

## Docket Events:

02/03/2012 FILING DOCUMENT - COMPLAINT FILED ON 02/02/2012

02/03/2012 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 02/02/2012

02/03/2012 Party(s):  GLEN A WITHAM
        MOTION - MOTION PROCEED W/O FEE FILED ON 02/02/2012

02/03/2012 Party(s):  GLEN A WITHAM
        MOTION - MOTION PROCEED W/O FEE GRANTED ON 02/02/2012
        MARYGAY  KENNEDY , JUDGE
        COPIES TO PARTIES/COUNSEL

02/24/2012 Party(s):  GLEN A WITHAM
        MOTION - TEMP RESTRAINING ORDER FILED ON 02/24/2012
        EXPARTE PLT

03/08/2012 Party(s):  GLEN A WITHAM
        MOTION - TEMP RESTRAINING ORDER MOOT ON 03/07/2012

03/08/2012 FINDING - REMOVAL TO FEDERAL COURT ENTERED ON 03/07/2012

03/22/2012 Party(s):  GLEN A WITHAM
        OTHER FILING - AFFIDAVIT FILED ON 03/21/2012
        OF PLAINTIFF

11/16/2012 NOTE - OTHER CASE NOTE ENTERED ON 11/02/2012
        CERTIFIED COPY OF ORDER REMANDING THIS CASE BACK TO SUPERIOR COURT.