STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. RE-15-056

SAMUEL and NOREEN HORN,

Plaintiffs,

v.

TOWN OF YORK,

Defendant.

**ORDER GRANTING IN PART
AND DENYING IN PART
DEFENDANT'S MOTION TO
DISMISS**

The Town of York acquired land from plaintiffs Samuel and Noreen Horn for the ostensible purpose of constructing a connector road between Ridge Road and Route One in York. Subsequently, the Town began considering other plans for the land, including using it as a site for construction of a new police station.

Plaintiffs filed this multi-count complaint seeking damages and other relief. Defendant has moved to dismiss the following five counts: counts V and VI (promissory estoppel); count VIII (intentional misrepresentation); count IX (negligent misrepresentation) and count X (violation of the Maine Freedom of Access Act). For the reasons set out below, Defendant's motion to dismiss is denied as to counts V and VI, and granted with respect to counts VIII, IX and X.

**Promissory Estoppel Claims (Counts V and VI)**

Count V alleges that the Town promised that ten acres or less would be purchased to construct a connector road, the plaintiffs relied on this promise, and the Town breached this promise by taking more land and further proposing to construct not only a road, but also a police station on the land. Count VI alleges the Town promised the plaintiffs a right of way over the southwesterly border of the property, the

1

plaintiffs relied on that promise in selling the land to the Town, and the Town breached the promise by moving the right of way and preventing the Horns from accessing their property.

"Promissory estoppel may be invoked when a 'promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.'" *Gagne v. Stevens*, 1997 ME 88, ¶ 13, 696 A.2d 411. "Promissory estoppel applies to promises that are 'otherwise unenforceable.'" *Daigle Commer. Grp., Inc. v. St. Laurent*, 1999 ME 107, ¶ 14, 734 A.2d 667.

The Town contends that the promissory estoppel claims are merely an attempt to circumvent the parol evidence rule and the integration clause within the purchase and sale agreement entered into by the parties in connection with the land transaction at issue. The Town further argues that the promises alleged by plaintiffs are not specific enough to be enforced.

While the Town's arguments may ultimately prevail, they are premature at this time. The bare facts alleged in the complaint may state cognizable promissory estoppel claims. To the extent the Town's promises are not enforceable under the written contractual agreements, it is conceivable that plaintiffs may be entitled to enforcement if they can show reasonable reliance and injustice if the promises are not enforced. These issues present questions of fact. *Gagne*, 1997 ME 88, ¶ 14, 696 A.2d 411. At this stage in the case, however, the circumstances of the promises and the relationship with the contractual agreements are unclear. Moreover, in opposing the motion to dismiss, plaintiffs assert that they relied to their detriment on promised made by the Town <u>after</u> sale of the land, and thus even if promises made as part of the land transaction are subsumed or governed by the purchase and sale agreement, plaintiffs may be entitled

2

to enforce the subsequent promises on a promissory estoppel theory. The motion to dismiss counts V and VI is denied.

## Tort Claims (Counts VIII & Count IX)

Counts VIII and IX assert tort claims for intentional misrepresentation and negligent misrepresentation, respectively. Maine law requires plaintiffs with tort claims against government entities to serve notice of the claim within 180 days of accrual. 14 M.R.S. § 8107(1); *see also Cottle Enters. v. Town of Farmington*, 1997 ME 78, ¶ 15, 693 A.2d 330 (notice of claim must be filed with government entity "within 180 days of the wrongful act alleged to produce a judicially cognizable injury"); *Peters v. City of Westbrook*, 2001 ME 179, ¶ 5, 787 A.2d 141 ("Plaintiffs who seek to hold a governmental unit and employee liable must first meet a procedural requirement of notifying the unit of the intention to bring a claim"). The notice must identify the claimant, details of the claim, the name(s) and address(es) of government employees involved, the nature of the injury, and damages sought. *See id.* "Failure to comply [with the notice requirement] bars the suit." *Porter v. Philbrick-Gates*, 2000 ME 35, ¶ 4, 745 A.2d 996.

Plaintiffs concede that they did not provide the required statutory notice but contend that any lack of formal notice "is a mere technicality;" and they maintain the Town was aware of the plaintiffs' claims through "constant contact about these complaints." (Pl.'s Opp. Mot. Dismiss 5.)

While technical noncompliance may be excused so long as the notice is in "substantial compliance" with the statute's notice requirments, *see* 14 M.R.S. § 8107(4), this flexibility does not extend to the strict 180-day time limit,which may only be extended for "good cause." *See Erickson v. State*, 444 A.2d 345, 349-50 (Me. 1982). "Good cause" is expressly defined in section 8107(5) to mean reliance on certain representations made by a governmental entity's settlement officer or liability insurer

3

that "contain or imply a promise of coverage sufficient to cause a reasonable person to believe that the losses for which no timely claim is filed would be covered." 14 M.R.S. § 8107(5). The Law Court has also interpreted "good cause" to include circumstances where there is a physical inability to file a timely notice of claim, *Smith v. Sch. Admin. Dist. No. 58*, 582 A.2d 247, 249 (Me. 1990), or a claimant was "in some meaningful way prevented from learning of the information forming the basis of [his] complaint." *Smith v. Voisine*, 650 A.2d 1350, 1352 (Me. 1994). None of these circumstances apply to this case.

In addition, a claim under the Maine Tort Claims Act is barred "unless an action brought therein is begun within 2 years after the cause of action accrues." 14 M.R.S. § 8110. The complaint in this case was filed in April 2015. The land transaction central to these tort claims occurred in 2010. Plaintiffs were aware of both the Town's change of plans for use of the land as well as a change in the details of the land swap in 2011.[1] The alleged misrepresentations thus occurred well over two years before plaintiffs filed this complaint.

These claims are barred by the Maine Tort Claims Act for failure to comply with the notice requirment in section 8107 and failure to bring this action with the two-year limitation period in section 8110. Counts VIII and IX are dismissed.

---

[1] For example, the complaint asserts that "[i]n May of 2011, the Town presented a new plan to the voters, and requested that the voters approve construction of the police station on a site located on the former Horn Brothers property: this after the Town had been saying for years that the Horn Brothers property was environmentally unsuitable for such construction." (Compl. at ¶ 41). In addition, "[i]n the summer of 2011, Samuel Horn discovered that the right-of-way retained by the Horns to access their remaining land had been moved by the Town . . . [and] as a result of this change he believed that there was a triangle of land that the Horns retained as a result of this movement." *Id.* at ¶ 42. "The parties were unable to reach an agreement at that time, and the issue remains unresolved." *Id.* at ¶ 43.

4

## Freedom of Access Act Claim (Count X)

Count X asserts that the the Town failed to comply with 1 M.R.S. § 405 of the Maine Freedom of Access Act (FOAA) because decisions regarding the land in question were made in "illegal executive sessions" and are therefore "null and void." (Compl. ¶¶ 117-22. The Town has moved to dismiss this count on the ground that it is untimely.

Review of official action taken by governmental entities in executive sessions in governed by 1 M.R.S. § 409(2) and M.R.Civ.P. 80B. *Colby v. York Cnty. Comm'rs*, 442 A.2d 544, 546 (Me. 1992). A complaint seeking such review "shall be filed within 30 days after notice of any action or refusal to act of which review is sought." M.R.Civ.P. 80B(b). Failure to seek timely review of governmental action under Rule 80B is jurisdictional; a complaint not filed within the 30-day period is barred. *Colby*, 445 A.2d at 546; *see also Beckford v. Town of Clifton*, 2014 ME 156 ¶ 25, 107 A.3d 1124, 1130 (*Saufley, C.J., concurring*). Here, it does not appear that plaintiffs have sought timely review under Rule 80B(b).

The executive sessions in question occurred a number of years ago, well before this action was filed in April 2015. The first session identified occurred in 2009; the last in 2014. In their memorandum in opposition to the motion, plaintiffs also state that "[s]ince filing the complaint" they have learned "in the last few months" that the Town's counsel "informed the select board that its manner of both noticing and holding executive sessions pursuant to 1 M.R.S.A. § 405(6)(C) is improper;" plaintiffs state that they may amend their claim to cite the specific instance where an improper executive session was called to complyy with Rule 80B if required by this Court." (P. Opp. Mot. Dismiss 5.) Even as to this latest session, if plaintiffs waited longer than 30 days from notice of the challenged session, their request for review would be untimely.

5

The court ordinarily reviews a complaint in the light most favorable to plaintiff on a motion to dismiss. *See Marshall v. Town of Dexter*, 2015 ME 135, ¶ 2, __ A.3d __. The complaint does not assert facts that indicate when plaintiffs received notice of the actions taken in executive sessions that are now being challenged. Where jurisdiction is challenged, however, the court does not make inferences in favor of a plaintiff. *Gorham v. Androscoggin County*, 2011 ME 63 ¶ 9, 21 A.3d 115, 118. Therefore, the will not infer that plaintiff's claim is timely. The motion to dismiss as to count X is granted; however it is granted without prejudice to plaintiffs to file a motion for leave to amend the complaint, if warranted, to plead more specific facts supporting an assertion that the request to review the executive sessions in question is timely under Rule 80B(b).

The clerk will make the following entry, by reference, on the docket pursuant to Rule 79(a):

The motion to dismiss is GRANTED as to counts VIII, IX and X, which are hereby dismissed, and is DENIED in all other respects.

**SO ORDERED.**

DATE:   January 8, 2016

Wayne R. Douglas
Justice, Superior Court

6

RE-15-056

ATTORNEY FOR PLAINTIFF:
KIMBERLY JH MEMMESHEIMER
HOEFLE PHOENIX GORMLEY & ROBERTS PA
PO BOX 4480
PORTSMOUTH NH 03802-4480


ATTORNEYS FOR DEFENDANT:
MARK FRANCO
ELIZABETH PECK
THOMPSON & BOWIE
THREE CANAL PLAZA
PO BOX 4630
PORTLAND ME 04112-4630


ATTORNEY FOR PARTY IN INTEREST:
JEFFERY CLARK
CLARK & HOWELL LLC
PO BOX 545
YORK ME 03909