STATE OF MAINE
YORK, SS.

SUPERIOR COURT
Civil Action
Docket No. CV-15-121

ANGELA M. MORSE,

       Plaintiff,

v.

MELISSA A. ANDERSON and
CITY OF SANFORD,

       Defendants.

**DECISION and ORDER
GRANTING CITY OF
SANFORD'S MOTION FOR
SUMMARY JUDGMENT**

Plaintiff Angela Morse seeks damages for injuries arising out of a motor vehicle collision that occurred in the City of Sanford in October 2013. The complaint, filed in June 2015, alleges that defendant Melissa Anderson was negligent in the operation of her vehicle when it proceeded into an intersection and struck plaintiff's vehicle. By way of an amended complaint filed in October 2015, two years after the accident, plaintiff added the City of Sanford as a party defendant, alleging that the City was also negligent because a road sign controlling traffic at the intersection in question apparently had been removed and the missing sign may have been a contributing cause of the collision. The City has moved for summary judgment. There are no disputes as to the facts. For the reasons that follow, the motion is granted.

The Maine Tort Claims Act requires that a person who intends to file a negligence claim against a municipality must first provide written notice of the claim to the municipality within 180 days of the date the cause of action accrues. 14 M.R.S. § 8107(1); *see also Cottle Enters. v. Town of Farmington*, 1997 ME 78, ¶ 15, 693 A.2d 330 (notice of claim must be filed with government entity "within 180 days of the wrongful act alleged to produce a judicially cognizable injury"); *Peters v. City of Westbrook*, 2001

1

ME 179, ¶ 5, 787 A.2d 141 ("Plaintiffs who seek to hold a governmental unit and employee liable must first meet a procedural requirement of notifying the unit of the intention to bring a claim"). The notice must identify the claimant, the details of the claim, the name(s) and address(es) of government employees involved, the nature of the injury, and the damages sought. *See id.* "Failure to comply [with the notice requirement] bars the suit." *Porter v. Philbrick-Gates*, 2000 ME 35, ¶ 4, 745 A.2d 996.

The date the cause of action accrued in this case was the date of the collision, October 31, 2013. Thus, absent "good cause" for not doing so, *see* 14 M.R.S. § 8107(5), plaintiff was required to have notified the City of Sanford before May 2014 in writing as a condition for bringing suit.

Ms. Morse admits she did not provide the City with written notice within the statutorily required 180-day period, but maintains she did not know until much later that Ms. Anderson was claiming that the absence of a traffic control sign caused or contributed to her failure to yield. Therefore, plaintiff contends there is "good cause" within the meaning of 14 M.R.S. § 8107(5) for not complying with the 180-day notice requirement.

The Law Court has consistently held that a party's lack of awareness of a potential claim does not constitute "good cause," whether the basis for potential claim was readily apparent or difficult to ascertain. *Peters v. City of Westbrook*, 2001 ME 179, ¶ 8, 787 A.2d 141 ("The difficulty in learning the facts underlying a claim is not enough for a plaintiff to meet its burden of showing good cause.") (quoting *Beaucage v. City of Rockland*, 2000 ME 184, ¶ 6, 760 A.2d 1054).

It is also argued that if only defendant Anderson would implead the City, the 180-day notice requirement would not apply and plaintiff could maintain a direct claim against the City. *See* 14 M.R.S. § 8107(5) (180-day notice requirement "shall not apply

2

to such claims as may be asserted under the Rules of Civil Procedure by a 3rd party complaint, crossclaim or counterclaim.")   The difficulty with plaintiff's argument is self-evident—there is no pending 3rd party complaint, crossclaim or counterclaim against the City.   Anderson may, but is not obligated to, implead the City.   Nor can the court compel her to do so.   The additional exception in Section 8107(5) is, thus, not available.

Accordingly, the court concludes that plaintiff is barred from bringing this action against the City of Sanford, and the motion for summary judgment must be granted.

The clerk will make the following entry, by reference, on the docket pursuant to Rule 79(a): "The motion for summary judgment is granted and judgment is hereby entered for the City of Sanford on the amended complaint."

DATE:   August 2, 2016

_____
Wayne R. Douglas
Justice, Superior Court

3