STATE OF MAINE                          SUPERIOR COURT
CUMBERLAND, ss                          CIVIL ACTION
                                        DOCKET NO. CV-16-260

STRATEGIC EQUITY
PARTNERS, LLC, et al.,

        Plaintiffs

        v.                              ORDER

SACO ISLAND LP, et al.,

        Defendants

Before the court are seven motions to dismiss, filed by each of the seven defendants. For the following reasons, the court treats these motions to dismiss as motions for summary judgment. The parties will proceed pursuant to Rule 56. M.R. Civ. P. 56.

BACKGROUND

Plaintiffs Strategic Equity Partners, LLC and Robert Martin filed a complaint on June 30, 2016. According to the complaint, plaintiffs worked as independent contractors for defendants beginning in 2007. (Pls.' Compl. ¶ 12.) Beginning in July 2010, defendants failed to pay plaintiffs for services performed pursuant to contracts entered into between plaintiffs and the defendant companies. (Id. ¶¶ 17-18.)

In their complaint, plaintiffs allege: count I, breach of contract; count II, quantum meruit; count III, unjust enrichment; and count IV, alter ego/veil piercing. Defendants filed separate motions to dismiss between September 19 and 21, 2016. Plaintiffs opposed defendants' motions on October 25, 2016. Defendants filed separate responses between November 8 and 9, 2016.

1

## DISCUSSION

When reviewing a motion to dismiss, the court "examine[s] the complaint in the light most favorable to the plaintiff to determine whether it sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory." In re Wage Payment Litig. v. Wal-Mart Stores, Inc., 2000 ME 162, ¶ 3, 759 A.2d 217. "For purposes of a 12(b)(6) motion, the material allegations of the complaint must be taken as admitted." McAfee v. Cole, 637 A.2d 463, 465 (Me. 1994). "Dismissal is warranted when it appears beyond a doubt that the plaintiff is not entitled to relief under any set of facts that he might prove in support of his claim." Johanson v. Dunnington, 2001 ME 169, ¶ 5, 785 A.2d 1244.

All defendants have attached to their motions the affidavit of defendant Kevin Mattson, and either a contract between plaintiff Strategic Equity Partners and defendant Southern Maine Commerce Center, or a contract between plaintiff Strategic Equity Partners and defendant Saco Island, which defendants maintain are the contracts referred to in the complaint. (Ex. A to Mattson Affs.) Defendants argue, among other things, that plaintiffs were required to mediate this dispute before beginning litigation. Plaintiffs have attached to their opposition the affidavits of plaintiff Robert Martin and plaintiffs' counsel, a letter from plaintiffs' prior counsel to the individual defendants, and email correspondence between the parties' counsel. (Exs. A-C to Martin Aff.)

Generally, the court considers only the facts alleged in the complaint when reviewing a motion to dismiss. Moody v. State Liquor & Lottery Comm'n, 2004 ME 20, ¶ 8, 843 A.2d 43. If the court considers appropriate matters outside the pleadings, the motion is treated as one for summary judgment. M.R. Civ. P. 12(b). The court may, however, consider "official public documents, documents that are central to the plaintiff's claim, and documents referred to in the

2

complaint, without converting a motion to dismiss into a motion for a summary judgment when the authenticity of such documents is not challenged." Moody, 2004 ME 20, ¶ 10, 843 A.2d 43.

Plaintiffs challenge the authenticity of the purported contracts on the grounds that defendants have not produced any contracts with defendants 415 Congress Street Properties or NPH, and the contracts that defendants have produced are unsigned and were never received by plaintiffs. (Martin Aff. ¶ 3; Pls.' Opp'n to Mot. Dismiss 3-5.) Plaintiffs' challenge to the authenticity of the contracts takes the contracts outside of the Moody exceptions. Moody, 2004 ME 20, ¶ 10, 843 A.2d 43. Further, the parties have filed affidavits and other materials that do not fall within the Moody exceptions. The court, therefore, treats defendants' motions as motions for summary judgment. See Beaucage v. City of Rockland, 2000 ME 184, ¶ 5, 760 A.2d 1054 ("The filing of the affidavits converted the City's motion to dismiss into a motion for a summary judgment.").

On this record, the court does not have the procedural benefits of a motion for summary judgment. See M.R. Civ. P. 56(h); 2 Harvey & Merritt, Maine Civil Practice § 12:13 at 431-32 (3d, 2016-2017 ed.) ("It is advisable . . . for the lawyer to make a motion for summary judgment labeled as such, where he knows that matter outside the pleadings will be needed to sustain his position. The last sentence of Rule 12(b) merely provides that error may be overlooked; it should not be read as indicating what ought to be done."). Further, although the parties have filed affidavits, it is unclear whether all parties were aware the court would treat defendants' motions as motions for summary judgment. See 2 Harvey & Merritt, Maine Civil Practice § 12:13 at 431 (3d, 2016-2017 ed.) (court has "special obligation" to ensure all parties are notified summary judgment is contemplated).

CONCLUSION

Defendants' motions to dismiss are converted to motions for summary judgment. Within 45 days of the date of this order, defendants shall file statements of undisputed material facts. The court encourages defendants to file a single statement of undisputed material facts. Plaintiffs shall file an opposing statement or statements of material facts and defendants shall respond to plaintiffs' filing pursuant to the rules. See Curtis v. Stover, 2016 Me. Super. LEXIS 171, at *2 (Aug. 9, 2016); M.R. Civ. P. 7(b)(B) & 56(h).

The clerk is directed to incorporate this order into the docket by reference. M.R. Civ. P. 79(a).

Date: December 29, 2016

Nancy Mills
Justice, Superior Court

4